SUN COSMETIC SHOPPE, Inc. v. ELIZA-
BETH ARDEN SALES CORPORA-
TION.

MIRROR COSMETIC SHOPPE, Inc. v.
ELIZABETH ARDEN SALES
CORPORATION.

United States District Court
S. D. New York.

Feb. 9, 1949.

See also 81 F.Supp. 547.

Morris Siegel, of New York City, for plaintiffs.

Townley, Updike & Carter, of New York City (J. Howard Carter and John S. Bainbridge, both of New York City, of counsel), for defendants.

COXE, District Judge.

These are motions by the defendant, prior to answer, for summary judgment dismissing both of the above actions on the ground that there is no genuine issue as to any material fact and that the court lacks jurisdiction of the subject matter. The motions are based upon the amended complaints and supporting affidavits, and are opposed by affidavits of the presidents of the plaintiffs. The papers in the two cases are identical, except for the names of the plaintiffs. The motions were argued together, and will be disposed of in one opinion.

Plaintiffs seek to recover treble damages under the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. §§ 13, 15, because of alleged price discrimination by defendant in sales of its cosmetics to plaintiffs and to their competitors. The only specific discrimination alleged is that defendant furnished to some, but not to all, of plaintiffs' competitors, and not to plaintiffs, "services and facilities of special personnel known and described in the cosmetic and toilet goods preparations industry and trade as 'demonstrators' * * * used for the pur-

pose of fostering and pushing the sale of the products distributed by this defendant".

Plaintiffs have conducted for a number of years retail cosmetic establishments in the City of New York. They allege that many of their customers reside in the States of New York, New Jersey and other States of the United States; that defendant sold its cosmetics to competitors of plaintiffs, also located in the States of New York, New Jersey and other States of the United States; that defendant was engaged in the sale and distribution in interstate commerce of cosmetic and toilet goods preparations; and that its sales were "in the course of commerce".

It appears from the affidavit of defendant's vice-president, without contradiction, that, until January 1, 1948, all the cosmetics were manufactured, packed in containers and made ready for sale by Elizabeth Arden, Inc., at its plant in Long Island City, N.Y. (Long Island City is a part of the City of New York), which sold them only to defendant; that on January 1, 1948 defendant leased the plant and thereafter manufactured, packed and made ready for sale all the cosmetics at the same plant; that defendant is a Delaware corporation, with its offices and principal place of business in the City of New York; that all the sales and deliveries to plaintiffs were made by defendant in the City of New York upon receipt, also in the City of New York, of orders from them, and were filled from its stocks in Long Island City, and that defendant never made any sales to wholesalers. Defendant admits that some of the raw materials used in the manufacture of the cosmetics were acquired from sources outside the State of New York. Defendant does not deny that it furnished "demonstrators" to plaintiffs' competitors and did not furnish them to plaintiffs.

It is clear that, if these transactions with plaintiffs were in interstate commerce, defendant has discriminated against plaintiffs within the meaning of Sections 13(d) and (e) of the Act. These Sections provide that

"(d) It shall be unlawful for any person engaged in commerce to pay or contract for the payment of anything of value to or for the benefit of a customer of such person in the course of such commerce as compensation or in consideration for any services or facilities furnished by or through such customer in connection with the * * * sale, or offering for sale of any products or commodities manufactured, sold, or offered for sale by such person, unless such payment or consideration is available on proportionally equal terms to all other customers competing in the distribution of such products or commodities.

"(e) It shall be unlawful for any person to discriminate in favor of one purchaser against another purchaser or purchasers of a commodity bought for resale * * * by contracting to furnish or furnishing * * * any services or facilities connected with the * * * sale, or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms."

The amended complaints do not indicate which of these two Sections plaintiffs claim defendant has violated. In Elizabeth Arden Sales Corp. v. Gus Blass Co., 8 Cir., 150 F.2d 988, 161 A.L.R. 370, it was held, under a similar state of facts, that both sections might be considered as having been violated. It was also held that the Robinson-Patman Act itself applies only to those engaged in interstate commerce.

In Lewis v. Shell Oil Co., D.C. N.D. Ill., 50 F.Supp. 547, 549, it was held that "In an action brought under the Robinson-Patman Act it is necessary to allege and prove that the transactions complained of are actually in interstate commerce," and not merely that they only affect interstate commerce. Clearly, all the transactions between plaintiffs and defendant were in intrastate commerce only. The fact that some of the ingredients used in the manufacture of the cosmetics came from out of the State is of no significance. The cosmetics sold to plaintiffs were manufactured here, were sold here, and were delivered here. Plaintiffs' contention that the transactions were part of the overall picture of interstate commerce engaged in by the defendant cannot be sustained. A manufacturer may have both interstate and intrastate sales; it may violate the law with

respect to one and not with respect to the other.

The motions of the defendant for summary judgment in both cases are granted.