**DANKO v. SHELL OIL CO.**
Civ. A. No. 13638.

United States District Court
E. D. New York.
Oct. 22, 1953.

Arthur Kellman, Brooklyn, N. Y., for plaintiff.

Carney W. Mimms, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for a dismissal of the amended complaint for failure to state a claim upon which relief can be granted and for alternate relief, if such motion be denied.

■ For a first cause of action, the plaintiff, the owner of a gasoline filling station, alleges that the defendant, a distributor, violated the price discrimination law, the Robinson-Patman Act, 15 U.S.C. §§ 13 and 13a, by selling gasoline to the plaintiff's competitors at a price less than to the plaintiff by way of a "kickback" and "granting additional benefits, gratuities, equipment and/or accessories to these and other operators." A jurisdictional requirement prescribed by Sections 13 and 13a of the said Act is that the party charged with such price discrimination be engaged in commerce among the several states and that the offense be committed "in the course of such commerce". The plaintiff is not required to establish that he was engaged in interstate commerce. Sun Cosmetic Shoppe v. Elizabeth Arden Sales Corp., D.C., 82 F.Supp. 687, reversed on other grounds, 2 Cir., 178 F.2d 150, 13 A.L.R. 2d 358; Myers v. Shell Oil Co., D.C., 96 F.Supp. 670, 675, 676, and footnotes therein. It may well be that the defendant was actually engaged in interstate commerce but the bare allegation of the amended complaint (Par. III) that "the defendant is * * * en-. gaged in the business in the State of New York of selling gasoline, * * * to gasoline stations in various states of the United States, as well as in New York State" does not meet the statutory requirement.

■ The defendant for alternate relief moves for a dismissal of the

third cause of action (which should be designated as the second cause of action) of the said complaint for failure to state a legal claim. The plaintiff alleges in that cause of action that the defendant directly or indirectly owns, operates, maintains and controls a gas station within one mile of plaintiff's station, and grants itself preferential treatment and discriminates against the plaintiff, advertising that it (the defendant) will sell to its customers the same gasoline as the plaintiff purchases from the defendant and that such customers can save six cents (a gallon) by such purchases. The fact that defendant itself may own and control such filling station would not destroy the relationship of vendor and purchaser. In any event, it is doubtful that such relationship, if discriminatory, would be permitted to accomplish such objective. See for analogy, Timken Roller Bearing Co. v. United States, 341 U.S. 593, 598, 71 S.Ct. 971, 95 L.Ed. 1199, and cases cited therein. That the Court actually looks behind form to see who the real competitors are, see American Cooperative Serum Ass'n v. Anchor Serum Co., 7 Cir., 153 F.2d 907, 913, 914. Surely, all of these unresolved factual questions coupled with the statement in Bruce's Juices v. American Can Co., 330 U.S. 743, 755, 67 S.Ct. 1015, 91 L.Ed. 1219, with respect to what types of sales are actually discriminatory, constrain the Court to overrule the objection to the third cause of action.

■ The defendant's demand for a more definite statement of the nature of the alleged grants by the defendant of "additional benefits, gratuities, equipment and/or accessories to these and other operators" and the dates thereof is without merit. Those allegations of the complaint are sufficient for the purpose of answer.

■ The dates of the grants of the alleged benefits are not material for a responsive pleading as were the dates in the Columbia Gas case, infra. Other procedural rules exist for properly ascertaining the nature and dates of certain events. However, the names and addresses of such "other operators", other than those listed in the complaint should be included therein. Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A.; E. I. Du Pont De Nemours & Co. v. Dupont Textile Mills, Inc., D.C., 26 F.Supp. 236, 237; United States v. Columbia Gas & Electric Corp., D.C., 1 F.R.D. 606, 608.

■ The motion to strike paragraph VI is without merit for the reason that allegations should not be eliminated where they are neither material nor prejudicial to the defendant.

■ The motion to strike paragraph XV (B) is disposed of in the following manner. Both subdivisions A and B thereof should be so phrased, as to inform the defendant as well as the Court of the nature of the action. It seems that where the Court grants a declaratory judgment, damages may be awarded. Texasteel Mfg. Co. v. Seaboard Surety Co., 5 Cir., 158 F.2d 90, certiorari denied 331 U.S. 828, 67 S.Ct. 1350, 91 L.Ed. 1843. But it is basic law that a declaratory judgment action is not always entertained, and it lies within the discretion of the judge to arrange the trial as he sees fit. See Seaboard Surety Co. v. Texas City Refining, D.C., 109 F.Supp. 468, 470, where the court considered proceedings in another court. This appears to be the usual Robinson-Patman action as was the case of Russellville Canning Co. v. American Can Co., D.C., 87 F.Supp. 484, rather than an action declaring rights to a justiciable controversy not yet in fruition. Paragraph XV (A) (B) should be rephrased to show what is meant. It appears, in any event, that relief in the way of damages may only be awarded after the rendering of judgment. See Goldsmith Metal Lath Co. v. Milcor Steel Co., D.C., 53 F.Supp. 778, 782; Ferry-Hallock Co. v. Frost, D.C., 33 F.Supp. 27, 31, 32. The words "declaratory

judgment reflecting that plaintiff is entitled to one cent a gallon" are improper and vague. The entire paragraph XV should be revised.

The motion to dismiss the amended complaint is granted with leave to the plaintiff to serve and file a further amended complaint within thirty days after the entry of the order on this motion.