**BAIM & BLANK, Inc. and Baim & Blank Television Service, Inc.,**
Plaintiffs,

v.

**PHILCO CORPORATION and Philco Distributors, Inc., Defendants.**

Civ. A. No. 14083.

United States District Court
E. D. New York.

Jan. 24, 1957.

J. Robert Ellner, New York City, for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City, for defendants. Granville Whittlesey, Jr., New York City, of counsel.

GALSTON, District Judge.

This is a motion by defendants for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment to dismiss the first cause of action as against Philco Corporation, and so much of the first cause of action as to Philco Distributors, Inc., as relates to matters which occurred prior to September 1, 1950.

The first cause of action alleges that from November 20, 1926 to July 3, 1952, plaintiff, Baim & Blank, Inc., operated a retail store in Brooklyn, selling radios, television sets and household appliances. The action has been discontinued as to plaintiff, Baim & Blank Television Service, Inc. It alleges further that defendant, Philco Corporation, is a Delaware corporation which manufactures or assembles "Philco" branded products; that defendant, Philco Distributors, Inc., a Delaware corporation, is a wholly owned subsidiary of Philco Corporation and the sole and exclusive distributor throughout the greater New York area of "Philco" branded products manufactured and assembled by its parent, and the "local instrumentality" for conducting the business of parent in the New York area; and that in this area, Philco Corporation "is found in the person of, and transacts business through its wholly owned subsidiaries and agents, Philco Distributors, Inc., and Philco International Corporation * * *." It also alleges that during the periods complained of, plaintiff and its competitor, Davega Stores Corporation, an organization of twenty-eight stores located in the greater New York area, were engaged in the business of selling, at retail, and servicing television sets, radios, refrigerators and other electrical appliances, including Philco branded products. It is then alleged that defendants have discriminated against plaintiff (1) by selling to Davega Stores Corporation at prices lower than those charged to and paid by plaintiff in violation of section 1, subsection (a) of the Robinson-Patman Act, 15 U.S.C.A. § 13 (a); (2) by making payments or granting credits to Davega in consideration for services or facilities furnished by Davega in connection with the sale of Philco products without offering to make such payments or credits available to plaintiff on proportionately equal terms, in violation of section 1, subsection (d) of the Robinson-Patman Act, 15 U.S.C.A. § 13(d); and (3) by furnishing services or facilities in connection with the sale of Philco products without offering to make such advantages available to plaintiff on proportionately equal terms, in violation of section 1, subsection (e) of the Robinson-Patman Act, 15 U.S.C.A. § 13(e). Plaintiff seeks treble damages for the alleged foregoing acts.

The second cause of action alleges that Philco, Philco Distributors, and Davega, some time prior to July 1, 1944, in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, combined and conspired to grant to Davega the status of "associate distributor" of Philco products in the New York area, which enabled Davega to purchase Philco products from the Philco distributing organization or directly from Philco at prices substantially below those available to all other "non-favored" retailers in the New York area, including plaintiff; and that as part of the said conspiracy, the "continuing arrangement" among the aforesaid corporations granted to Davega "certain competitive advantages which were not made available to plaintiffs," including the discriminations in price and terms of sale specifically alleged in the first cause of action.

The present motion is directed solely to the allegations of violations of the Robinson-Patman Act contained in the first cause of action. It is based on the pleadings and pre-trial testimony. in the form of depositions, taken by plaintiff of Jacob J. Harris, general manager of the New York Division of Philco Distributors, Harold Sheer, vice president and general manager of Philco Distributors, and John M. Otter, executive vice president of Philco.

The action has to do with transactions occurring between September 15, 1947 and July 3, 1952, the parties having stipulated that transactions prior thereto are barred by the statute of limitations. The depositions referred to hereinabove, which are made a part of the motion papers, disclose that Philco Distributors purchased Philco products from Philco f. o. b. factory, paying the freight to Philco Distributors' Long Island City warehouse, at prices set by Philco in quantities determined by Philco Distributors. The depositions also disclose that plaintiff purchased all its Philco products from Philco Distributors at prices set by Philco Distributors. It had never purchased from Philco directly. Furthermore, though until September 1, 1950 Philco products were sold to Davega by Philco directly at prices set by Philco, from that date to and including July 3, 1952 Philco Distributors sold Philco products to Davega as well as to plaintiff at prices which Philco Distributors issued.

It is defendants' contention that Philco controlled only its own prices and sales policy, and that Philco Distributors had sole control of its prices and sales policy, and, therefore, that since the price and other related discriminations alleged in the complaint were not made by the same seller, there was no violation of the Robinson-Patman Act within the meaning of said statute.

The statute in question, in pertinent part, reads:

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, * * * and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them."

Plaintiff does not dispute that one cannot have a cause of action for violation under Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13, unless one is an actual purchaser from the person charged with the discrimination. See Klein v. Lionel Corp., 3 Cir., 237 F.2d 13. Moreover, in opposing the motion, plaintiff states that the facts as set forth in the moving affidavit are at this time not being disputed. It contends, however, that despite any surface appearance of separate price and sales policies of defendants, parent and subsidiary corporations, the depositions disclose that "in actual fact" the two defendants were a single entity. In effect, plaintiff's argument is that the depositions disclose the defendant Philco so dominated and regulated the policies of its wholly owned subsidiary, Philco Distributors, that the subsidiary is merely an instrumentality or alter ego of its parent, and that the court should deal with the situation by regarding Philco as the real party in interest and as if Philco Distributors did not exist as a separate legal entity.

My reading of the depositions leads me to the conclusion that so far as the depositions are concerned plaintiff's opposition to the motion is unsound, or rather unproved. On the contrary, it appears from these depositions that Philco determined the pricing and sales policies at which it sold its products

directly to retail dealers, whereas the prices and practices of Philco Distributors were established not by the parent company, Philco, but on the contrary were fixed by Philco Distributors itself.

 The depositions fail to disclose that in the sales by Philco Distributors to the plaintiff, and in the sales made by Philco Distributors to Davega before September 1, 1950, the two defendant corporations should be regarded as a single entity to the end that they constitute a "common seller," discriminating between their customers. Nor do the depositions sustain the contention of the plaintiff that the prices established by Philco Distributors to the plaintiff and to Davega, after September 1, 1950, were in fact prices determined by the parent Philco.

The fact that Philco Distributors was a wholly owned subsidiary of Philco, and that the officers of Philco Distributors, except for Harold Sheer, who was executive vice president in control of its sales operations, were also officers of Philco, fails to demonstrate that the subsidiary was merely the alter ego of the parent. With respect to other factors upon which plaintiff relies, they prove at most only that consultations took place between parent and subsidiary with the view that both companies were interested in having the subsidiary show a profit in its business operations. As appears from the depositions, however, there were no consultations between parent and subsidiary in respect to establishing pricing policies to compel the conclusion that the prices of both companies were controlled by Philco, or that they acted in legal effect as one seller.

It is significant that the plaintiff offers nothing in opposition to the motion save that which is disclosed in the depositions, despite the fact that Rule 56(f) of the Rules of Civil Procedure gives opportunity to a party opposing the motion for summary judgment to apply for a continuance to permit affidavits to be obtained or depositions taken or discovery had to defeat the motion.

Accordingly defendants' motion is granted.

Settle order.