CENTRAL ICE CREAM COMPANY, Plaintiff-Appellant,

v.

GOLDEN ROD ICE CREAM COMPANY, Defendant-Appellee.

No. 13099.

United States Court of Appeals
Seventh Circuit.

Feb. 8, 1961.

Rehearing Denied April 5, 1961.

William C. Wines, Chicago, Ill., for appellant.

Grover D. Rose, Claude A. Roth, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Central Ice Cream Company, plaintiff-appellant, prosecutes this appeal from the judgment order of the District Court granting judgment for the defendant in an action brought by Central against Golden Rod Ice Cream Company, defendant-appellee. Central seeks treble damages for unlawful price discrimination. Following our remandment of this cause on a previous appeal, Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir.,

257 F.2d 417, the District Court severed the issue of liability from the issue of damages and the issue of liability was tried by the court on a stipulation. The District Court's findings of fact and conclusions of law appear in its opinion reported at 184 F.Supp. 312.

This appeal presents no dispute as to the facts. Central contends that the District Court erred as a matter of law. Inasmuch as the facts involved are set forth in detail in the District Court's opinion we do not attempt to restate them in full.

Central relies for relief exclusively upon Section 2 of the Clayton Act as amended by Section 1 of the Robinson-Patman Act, 15 U.S.C.A. § 13(a–f).

Central and Golden Rod are competing manufacturers and vendors of ice cream to retailers in the Chicago area. Both operate ice cream manufacturing plants in Illinois. Each uses ingredients, principally butterfat, coming from milk originating in Wisconsin and Illinois. Golden Rod purchased all butterfat it used in the manufacture of ice cream from brokers located in Chicago and a substantial part came from milk originating in Wisconsin and Illinois. Central sells 99.975% of its ice cream to Illinois retailers and .025% to Indiana retailers. Golden Rod sells and delivers its ice cream and other frozen desserts solely within the State of Illinois; it has no ice cream business of any kind or nature outside of Illinois. Golden Rod does sell and deliver ice cream to Fred Harvey, a corporation. The ice cream sold and delivered to Harvey is of different and higher grade and quality than that sold by Golden Rod to its other customers and is made to Harvey's special formula. All the sales and deliveries to Harvey are made at Chicago. A small portion of the total sales Golden Rod makes to Harvey is resold by Harvey to a railroad and used in the dining cars of the railroad operating in interstate commerce.[1]

---

1. Central's complaint had alleged that Golden Rod sold very substantial quan-

tities of its ice cream to Harvey, delivered to Harvey at Chicago railroad de-

The District Court found and concluded, *inter alia*, that there was no price discrimination in the course of interstate commerce. In so far as the finding rests on factual considerations we are of the opinion that it is fully supported by the record and free from error. We are convinced that in reaching the legal conclusion it did the District Court applied the correct legal criteria.

The statute upon which Central predicates liability, 15 U.S.C.A. § 13(a), provides:

> "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different *purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce,* where such commodities are sold for use, consumption, or resale within the United States \* \* \* and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them \* \* \*" (emphasis supplied)

By the express terms of the statute it is essential to establish a violation that the discrimination in price be between purchasers of commodities of "like grade and quality" *and* that at least one of the purchases "involved in such discrimination" be a purchase in interstate commerce. The concurrence of these requisite factors is lacking in the instant case. The only sales of like grade and quality were solely in intrastate commerce—a fact not appearing from the complaint but disclosed by the stipulated proof. This fact serves to distinguish the instant case from Moore v. Mead's Fine Bread Co., 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, primarily relied upon by Central.

In Moore the corporation charged with violating 15 U.S.C.A. § 13 was engaged in the baking business at Clovis, New Mexico and sold bread to retailers in Santa Rosa, New Mexico and in Farwell, Texas, a town which it served with a bread truck operating out of Clovis. It cut its prices of bread in Santa Rosa where it was in competition with the petitioner, Moore, a local baker. But it did not cut its prices of bread in Farwell, Texas. It is evident that in Moore the requisite elements to establish a violation were present. Purchases involved in the discrimination were in interstate commerce. Interstate sales of like grade and quality were discriminated against. The higher prices were maintained as to Farwell purchasers.

Central also relies heavily upon Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 and United States v. Employing Plasterers' Association, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618. But these are Sherman Act cases and their teachings are not determinative of the question here involved—whether the particular combination of elements requisite to a violation of 15 U.S.C.A. § 13(a–f) were present.

In view of the conclusion we have reached on the issue discussed we do not deem it necessary to consider the additional findings and conclusions relied upon by the District Court in support of its judgment. The judgment order of the District Court is affirmed.

Affirmed.

pots, and inferred that a large portion of such ice cream was used by Harvey in

the operation of dining car concessions on interstate trains.