**Albert N. DRAKE, Plaintiff,**

v.

**Stanley H. HANDMAN, Defendant.**

United States District Court
S. D. New York.
March 22, 1962.

Lawrence X. Cusack, New York City, for plaintiff.

Bobrow, Handman & Katz, New York City, for defendant (Ascher Katz, New York City, of counsel).

COOPER, District Judge.

According to the complaint in this action, plaintiff seeks to recover a so-called "escrow deposit" of $18,000 made in connection with a contract under which the present parties and three others agreed to form a corporation to engage in the interim financing of motion pictures (first and second cause of action). Plaintiff also sues to recover for losses incurred by reason of allegedly improper and inexpert legal representation by defendant in his capacity as an attorney (third cause of action).

Defendant interposes an answer in which he denies generally the allegations in the complaint, while admitting custody of the $18,000 in an "escrow account." In effect, defendant's denial of liability in refusing to turn over the $18,000 to plaintiff is based upon the allegation that plaintiff acted together and in concert with two other parties, Vall and Partikian, who withdrew from the venture and deliberately refused to go forward under the terms of the agreement. Further, defendant specifically denies the existence of any attorney-client relationship with plaintiff and, in addition, alleges a counterclaim against plaintiff for breach of the agreement.

Upon the pleadings and affidavits, plaintiff now moves pursuant to Rule 56, Fed.R.Civ.P., 28 U.S.C.A. for an order granting summary judgment in his favor on each of the causes of action and, alternatively, for severance and separate trial of his claim against defendant for breach of professional duty. Defendant opposes plaintiff's motion and cross-moves for summary judgment in his favor on the third cause of action.

In determining these motions, I have taken into account all of the affidavits and pleadings submitted by the parties; and after due and careful consideration I have concluded that in the case at bar there exist triable issues of fact which make the granting of summary judgment inappropriate. The motion and cross-motion for summary judgment are accordingly denied. See Colby v. Klune, 178 F.2d 872, 873–874 (2nd Cir. 1947); Arnstein v. Porter, 154 F.2d 464, 470–471 (2nd Cir. 1946).

Defendant contends that plaintiff, acting through and in collusion with two other parties to the venture (Vall and Partikian), wilfully breached and refused to carry out the pre-incorporation agreement. Thus, in his affidavit opposing plaintiff's motion for summary judgment, defendant asserts that

"Drake is not an innocent third party relieved of the obligations of an agreement where another party has defaulted. It is submitted that Vall, Partikian and Drake were each other's alter egos. They acted in concert and consulted between and among each other and they knew what each other was doing at all times."

The affidavit of Shaff, the fifth party to the venture, likewise alleges that Drake, Vall, and Partikian were acting together in refusing to proceed in accordance with the terms of the agreement. Plaintiff categorically denies these assertions; but it is evident that, assuming a valid contract, there exist triable issues of fact with respect to the defendant's allegations of collusion.

The initial inquiry, however, is whether there exists any genuine issue of material fact with regard to the validity

and enforceability of the underlying agreement. Here, plaintiff argues that a prior decision by the New York Supreme Court in an action commenced by Handman and Shaff to recover damages for breach of the same agreement must be deemed determinative. It is true that the state court dismissed the complaint in that case for legal insufficiency and stated that the pre-incorporation agreement lacked the "definitiveness necessary to constitute a binding agreement." Significantly, however, the state court decision also granted plaintiffs therein "leave to replead"; and hence it cannot be regarded as bearing that finality which is prerequisite to a judgment having *res judicata* effect. G. & C. Merriam Co. v. Sallfield, 241 U.S. 22, 36 S.Ct. 477, 60 L. Ed. 868 (1916).

While the written agreement in question appears on its face indefinite and ambiguous, nevertheless, under New York law (which the federal court must apply in this "diversity" case), such an agreement is not too indefinite if it can be made certain by reference to extrinsic facts. O'Neil Supply Co. v. Petroleum Heat & Power Co., 280 N.Y. 50, 55–56, 19 N.E.2d 676 (1939); Union Trust Co. v. Whiton, 97 N.Y. 172, 179 (1884); Stanton v. Miller, 58 N.Y. 192, 202 (1874). This method of ascertaining its meaning may not, of course, be utilized if to do so would violate the parol evidence rule. However, the latter is a rule of substantive law which can come into play only if it is first determined that the writing constituted a complete "integration" of the parties' agreement. 3 Corbin on Contracts § 573.

Whether the writing in this case was assented to by the parties as the complete and accurate "integration" of the terms of their contract is an ordinary question of fact; and under the circumstances defendant is entitled to an opportunity to prove that it was not the complete contract. Farmer v. Arabian American Oil Co., 277 F.2d 46 (2nd Cir. 1960); Parrott v. Allison, 7 F.R.

Serv. 56(c), 41, case 7 (S.D.N.Y.1942); 3 Corbin on Contracts §§ 573, 577, 579, 582.

The pleadings and affidavits (especially the affidavit of Shaff) provide at least some indication that conversations may have taken place regarding facets of the venture which the written agreement failed to embody. Moreover, the writing contains no statement that it constitutes the entire agreement among the parties. Whether defendant can actually succeed in establishing at the trial that definite terms were orally agreed upon and not embodied in the writing need not detain the court at this time, since it now deals solely with whether a judgment should issue summarily. The court concludes that the definiteness of the parties' agreement can, under the circumstances, best be ascertained following a trial.

With respect to the applicability of summary judgment, this Circuit has explicitly held that "A litigant has a right to a trial where there is the slightest doubt as to the facts * * *." Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2nd Cir. 1945). Moreover, where, as in the case at bar, "credibility, including that of the defendant, is crucial * * *", summary judgment seems particularly inappropriate. Arnstein v. Porter, 154 F.2d 464, 471 (2nd Cir. 1946).

Should defendant succeed in establishing that the agreement was not so indefinite as to be unenforcible, then the further issue would be presented of whether plaintiff wilfully breached the agreement through collusion with Vall and Partikian and thereby destroyed his right to recover the deposit. See Falk v. Goodman, 7 N.Y.2d 87, 195 N.Y.S.2d 645, 163 N.E. 2d 871 (1959). In any event, determination of these issues is not the proper function of summary judgment.

With respect to plaintiff's cause of action for an alleged breach of professional duty by defendant as an attorney, it is evident that there exists a

genuine issue of material fact as to the very existence of the attorney-client relationship. This issue precludes the granting of summary judgment on plaintiff's third cause of action.

▌ Nor is there any compelling reason for ordering a separate trial of the third cause of action in this case. Indeed, a single trial would seem more desirable, since the facts in each of the claims are interwoven and arose out of the same underlying events. Collins v. Metro Goldwyn Pictures Corp., 106 F.2d 83 (2nd Cir. 1939); Rule 42(b), Fed.R. Civ.P.

For the reasons stated above, the motions for summary judgment, dismissal of the counterclaim, and separate trial are denied.

So ordered.