**WILLARD DAIRY CORPORATION, Plaintiff-Appellant,**

v.

**NATIONAL DAIRY PRODUCTS CORPORATION and Sealtest, Inc., Defendants-Appellees.**

No. 14692.

United States Court of Appeals
Sixth Circuit.

Nov. 16, 1962.

Robert F. Thornton and Kenneth Thornton, Willard, Ohio (Thornton & Thornton, Willard, Ohio, on brief), for appellant.

Richard F. Stevens, Cleveland, Ohio (J. Richard Hamilton, Bourne P. Dempsey, Cleveland, Ohio, on brief; Baker, Hostetler & Patterson, Cleveland, Ohio, of counsel), for appellees.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Plaintiff, Willard Dairy Corporation, filed this action in the District Court to recover from the defendants treble damages under Section 2(a) of the Clayton Act, as amended by Section 1 of the Robinson-Patman Act, Section 13(a), Title 15 United States Code.

The complaint alleged that the plaintiff was an Ohio corporation with its principal office and place of business at Willard, Huron County, Ohio, and was engaged in the processing and sale of dairy products within an approximate radius of forty miles of the Village of Willard; that the defendant National Dairy Products Corporation was incorporated under the laws of Delaware with its principal office in New York City; that the defendant Sealtest, Inc., was incorporated under the laws of Maryland, with its principal office in New York City; that said defendants were engaged in the processing, sale and distribution in interstate commerce of dairy products; that within the aforesaid marketing area of the plaintiff, the plaintiff and defendants were competitors in the wholesale of milk, plaintiff distributing its milk in said area from its only processing plant in Willard, and defendants distributing its milk in said area from defendants' processing plant in Shelby, Ohio; that defendants also distributed milk from its processing plant in Shelby into an area outside the area of competition between plaintiff and defendants, that being the area in and around the City of Marion, Ohio; that for about two months prior to October 20, 1958, defendants and plaintiff each sold their respective milk, in the area of their competition, in glass containers at 38 cents per half-gallon and in paper containers at 41 cents per half-gallon; that on October 20, 1958, defendants reduced their prices of said milk in glass containers to 33 cents per half-gallon and in paper containers to 36 cents per half-gallon, but that said price reduction was not made with respect to sales made in and around the City of Marion, in which city the defendants maintained the prices at those prevailing prior to October 20, 1958; and that the milk sold by defendants in the area of competition and around the City of Marion and the milk sold by the plaintiff was of like grade and quality. The complaint alleged that the effect of the defendants' price discrimination was to substantially lessen competition and to destroy com-

petition with defendants by the plaintiff, and that in order to continue in the dairy business it was necessary for plaintiff to sell its milk at the same reduced prices put into effect by the defendants, thus causing the plaintiff loss of revenue and injuring plaintiff's competitive status. The complaint alleged that the plaintiff, as a result of the foregoing, had been damaged in the sum of $25,170.06, and sought damages in the triple amount of $75,510.18.

National Dairy Products Corporation, in its answer denied some of the allegations of the complaint, but admitted that it was engaged in the processing, sale and distribution of dairy products "some of which in some parts of the country move in interstate commerce," and that it sold milk at the prices and during the period alleged in an area of competition between the plaintiff and the defendant, which it claimed was less than that alleged by the plaintiff and which was wholly within the State of Ohio, and that prior prices were maintained after October 20, 1958, in and around the City of Marion. As an affirmative defense National Dairy Products Corporation alleged that the reduction in the price of milk in the area where such reduction was effective was made in good faith to meet an equally low price of a competitor who sold within the said area and did not sell in and around the City of Marion. Section 13(b), Title 15 United States Code.

The defendant Sealtest, Inc., claimed that it neither owned nor operated any milk processing plant in Shelby or elsewhere in the State of Ohio, and that it did not buy or distribute milk in the State of Ohio. The record indicates that its chief activities were quality control, research and "Sealtest" national advertising, and it has never engaged in the operating activities of the dairy business. Apparently, no objection is made to the action of the District Court in entering summary judgment in its favor.

Following the filing and answering of certain interrogatories and the taking of certain depositions, the District Court sustained the motion of the National Dairy Products Corporation for summary judgment in its favor, without opinion, from which this appeal was taken.

Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, provides in part as follows:

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them.  * * * "

Section 2(b) of the Act provides that the seller may show as a defense to the charge of price discrimination that his lower price "was made in good faith to meet an equally low price of a competitor, * * * *."

The Act applies to discrimination between different purchasers of commodities of like grade and quality, and holds the seller, in such a case, liable. Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1, 7, C.A.7th; General Shale Products Corp. v. Struck Const. Co., 132 F.2d 425, 427, C.A.6th. The Act has been construed as giving a right of action to a competitor of the seller who is injured in his business thereby as well as to a customer who has been discriminated against. Ludwig v. American Greetings Corporation, 264 F. 2d 286, 289, C.A.6th. However, by the

express terms of the statute it is essential to establish a violation that the sale complained of be by a person "engaged in commerce, in the course of such commerce." Standard Oil Co. v. Federal Trade Comm., 340 U.S. 231, 236–237, 71 S.Ct. 240, 95 L.Ed. 239.

In the present case there is no question but that the defendant was engaged in commerce, but it is contended that the discriminating sales complained of were not made "in the course of such commerce" and therefore were not in violation of the Act. The authorities appear to hold that it is not enough under the Clayton Act, as amended by the Robinson-Patman Act, that the defendant be engaged in interstate commerce but it must also be shown that the sale complained of was one occurring in interstate commerce. Standard Oil Co. v. Federal Trade Comm., supra; Central Ice Cream Co. v. Golden Rod Ice Cream Co., 287 F.2d 265, 267, C.A.7th, cert. denied, 368 U.S. 829, 82 S.Ct. 50, 7 L.Ed. 2d 32; Myers v. Shell Oil Co., 96 F.Supp. 670, 675–676, S.D.Cal.; Massachusetts Brewers Ass'n v. P. Ballantine & Sons Co., 129 F.Supp. 736, 739, D.C.Mass.; Northern California M. D. Ass'n v. Interment Ass'n, 120 F.Supp. 93, 95, S.D. Cal.; Danko v. Shell Oil Co., 115 F.Supp. 886, E.D.N.Y.; Lewis v. Shell Oil Co., 50 F.Supp. 547, 549, N.D.Ill. See: Federal Trade Comm. v. Bunte Bros., 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881. In Moore v. Mead's Fine Bread Co., 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, relied upon by appellant, purchases involved in the alleged discrimination were in interstate commerce and interstate sales of like grade and quality were discriminated against. Central Ice Cream Co. v. Golden Rod Ice Cream Co., supra, 287 F.2d 265, 267, C.A.7th.

The cases recognize a distinction between the commerce which is covered by the Sherman Act and that covered by the Robinson-Patman Act. "In an action brought under the Robinson-Patman Act it is necessary to allege and prove that the transactions complained of are actually in interstate commerce, while in

actions brought under the Sherman Anti-Trust Act it is sufficient if the transactions complained of are shown to have affected interstate commerce." Lewis v. Shell Oil Co., supra, 50 F.Supp. 547, 549, N.D.Ill.; Sears, Roebuck & Co. v. Blade, 110 F.Supp. 96, 101, S.D.Cal.; Myers v. Shell Oil Co., supra, 96 F.Supp. 670, 675, S.D.Cal.; Central Ice Cream Co. v. Golden Rod Ice Cream Co., supra, 287 F.2d 265, 267, C.A.7th, cert. denied, 368 U.S. 829, 82 S.Ct. 50, 7 L.Ed.2d 32. Accordingly, cases involving liability under the Sherman Anti-Trust Act where it was sufficient to show that the sales *affected* interstate commerce are not applicable to our present case.

In the present case, the price discrimination relied upon was by reason of sales in the area of competition and sales in and around the City of Marion, Ohio. These sales by the defendant were from defendant's processing plant in Shelby, Ohio, and were purely intrastate transactions, not interstate in character, as is necessary to impose liability under the Robinson-Patman Act. The fact that defendant also made interstate shipments from other than its Shelby, Ohio, plant to areas in which the plaintiff did not engage in business is immaterial to the issue in this case. Davidson v. Kansas City Star Company, 202 F.Supp. 613, 618–619, W.D.Mo.

For this reason alone, based on undisputed facts, it was not error for the District Judge to sustain defendants' motions for summary judgment. What dispute there may be about other factual questions, can be disregarded, in that such issues pertain to other defenses put forward by National Dairy Products Corporation, which, in view of the present ruling, it is unnecessary to consider.

■ In view of the foregoing ruling and the undisputed facts which are present in the record, we find no prejudicial error in the rulings of the District Judge on questions of evidence and in overruling appellant's motions to file an amended complaint and to dismiss the action without prejudice. Such motions made by a plaintiff after a responsive

pleading has been filed by the defendant, are addressed to the judicial discretion of the Court. Rules 15(a) and 41(a) (2), Rules of Civil Procedure. Wibbelman v. Home Ins. Co., 194 F.2d 262 C.A.6th; Shaffer v. Evans, 263 F.2d 134, C.A.10th, cert. denied, 359 U.S. 990, 79 S.Ct. 1119, 3 L.Ed.2d 978.

The judgment is affirmed.