**REINES DISTRIBUTORS, INC.,** suing on behalf of itself and all others similarly situated, Plaintiff,

v.

**ADMIRAL CORPORATION** Admiral Credit Corporation and Admiral Distributing Corp., Defendants,

Empire State Insulation Co., Inc., Bennett Reines, Rosalind Reines, June Morand, a/k/a June Stoltzfus, and Bernard Samuels, Additional Defendants on Counterclaims.

United States District Court
S. D. New York.
March 10, 1964.

Hoeniger & Rozen, Nathan Shapiro, New York City, Berthold H. Hoeniger, New York City, of counsel, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, George A. Raftery and William D. Friedmann, New York City, of counsel, for defendants Admiral Corp., Admiral Credit Corp. and Admiral Distributing Corp.

METZNER, District Judge.

Plaintiff moves for an order pursuant to rule 16 of the Federal Rules of Civil Procedure determining that the so-called Newark branch of Admiral Corporation is a "purchaser" from Admiral Corporation within the meaning of sections 2(a) and (e) of the Clayton Act as amended by the Robinson-Patman Act and a "customer" of defendant Admiral Corporation within the meaning of section 2(d) of said Act and a "distributor" within the meaning of section A(3) of the distributor contract dated January 1st, 1957 between Admiral Corporation and the plaintiff.

It has been held that it is possible for a wholly-owned subsidiary to be considered independent of its parent for Robinson-Patman Act purposes, and thus be a "purchaser" or "seller" in its own right. Danko v. Shell Oil Co., 115 F. Supp. 886 (E.D.N.Y.1953). Whether it may be so classified would depend on the nature of the proof offered to sustain the contention. There must be two sales to violate the Robinson-Patman Act (Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 755, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947) ), and for a sale to occur there must be a transfer of title. Dominion and control of the goods seems to be essential in arriving at a determination that a seller-purchaser relationship exists. Baim & Blank, Inc. v. Philco Corp., 148 F.Supp. 541 (E.D.N.Y. 1957). In that case it was held that since the subsidiary set its own pricing policies it was considered an independent legal person and therefore a different seller from the parent. In Students Book Co. v. Washington Law Book Co., 98 U.S.App.D.C. 49, 232 F.2d 49 (D.C. Cir. 1955), cert. denied, 350 U.S. 988, 76 S.Ct. 474, 100 L.Ed. 854 (1956), it was held that a consignee is not a purchaser within the meaning of section 2(a) of the Robinson-Patman Act. In a somewhat different context under the Robinson-Patman Act, but where the issue was the existence of a seller-purchaser relationship, the court indicated that the lack of dominion or control between the parties is the critical test in determining whether the relationship existed, and set forth many of the factors necessary to such a determination. Western Fruit Growers Sales Co. v. FTC, 322 F.2d 67 (9th Cir. 1963).

In support of its application for this order, plaintiff relies on testimony given by the president of Admiral in a proceeding before the Federal Trade Commission in 1958 which dealt with alleged discrimination by Admiral Corporation's branches in sales to retailers. Independent distributors such as plaintiff were not involved in those proceedings.

Certain portions of the testimony could sustain a finding that the Newark branch had the same relationship to Admiral Corporation as did independent distributors such as plaintiff. On the other hand an affidavit was submitted on this motion by a vice president of Admiral Corporation which negatives the contention that Newark was treated as an independent distributor by Admiral Corporation. It is true that some of the statements in this affidavit are at variance with some of the testimony before the Federal Trade Commission.

This case is still in the pretrial stages. The question whether Newark is a purchaser may well be an ultimate issue to be determined in the litigation which is to be tried to a jury. A contested issue of a material fact exists on this issue and its determination on the papers submitted is not warranted at this time.

Motion denied. So ordered.