**REINES DISTRIBUTORS, INC., etc.,**
Plaintiff,

v.

**ADMIRAL CORPORATION et al.,**
Defendants,

v.

**EMPIRE STATE INSULATION CO., Inc.,**
et al., Additional Defendants on
Counterclaims.

Civ. No. 143–263.

United States District Court
S. D. New York.

Dec. 6, 1965.

See also D.C., 256 F.Supp. 581; D.C., 241 F.Supp. 814.

Landis, Carrow, Bernson & Tucker, and Nathan Shapiro, New York City, for plaintiff, Berthold H. Hoeniger, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants Admiral Corp. and others, George A. Raftery and William

**620**

D. Friedmann, New York City, of counsel.

METZNER, District Judge.

Plaintiff Reines moves for an order pursuant to Fed.R.Civ.P. 42(b) for a separate trial of the issues of whether the defendant Admiral Corporation's branch located in Newark, New Jersey (herein called Newark), was throughout the period relevant in this action, a "purchaser" from defendant within the meaning of section 2(a) and section 2(e), and a "customer" of defendant within the meaning of section 2(d), of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. §§ 13(a), (d) and (e); and a "distributor" within the meaning of section A(3) of the distributor contract dated January 1, 1957, between defendant and plaintiff.

To succeed under its Robinson-Patman causes of action, plaintiff must prove

(1) Distributors other than plaintiff were purchasers from defendant.

(2) There was discrimination by defendant in price and service between such purchasers and plaintiff.

(3) Plaintiff and the favored distributor[s] were competitors for the same customers.

(4) Damage.

It is plaintiff's contention that Newark was an independent distributor of defendant, and therefore a purchaser-customer within the meaning of sections 2(a), (d) and (e) of the Robinson-Patman Act, and in the same relationship to defendant as plaintiff and other distributors throughout the country. If this be the case plaintiff intends to prove its claims against defendant

"solely on the prices, services and facilities and other preferences afforded Newark and will wholly disregard the approximately 79 other Admiral distributors during the relevant period."

If it fails to prove that Newark was an independent distributor, then it will seek to prove its claims against Admiral Corporation by reason of the preferences, etc., given to the other 79 distributors.

■ Thus if plaintiff is initially successful, the parties will not have to prepare or try the issues of discrimination, competition, damage or Robinson-Patman defenses with respect to 79 distributors referred to in plaintiff's complaint. If plaintiff should lose on the issue of whether Newark was independent, a second trial would be had after the case was prepared as to the 79 other distributors. In that event there would be no saving of time, but there would be no duplication of fact presentation. The pertinent portion of Fed.R.Civ.P. 42(b) states that

"The court in furtherance of convenience * * * may order a separate trial of * * * any separate issue".

■ The purpose of the rule is to prevent delay and expense. See 5 Moore, Federal Practice ¶ 42.03 (2d ed. 1964). Generally a single trial tends to lessen delay, expense and inconvenience to all concerned. See e. g. Drake v. Handman, 30 F.R.D. 394 (S.D.N.Y. 1962); Grissom v. Union Pacific R. Co., 14 F.R.D. 263 (D.Colo. 1953). When there is a possibility, however, of shortening the trial considerably by holding a separate trial on an issue, the court should exercise its discretion, Collins v. Metro-Goldwyn Pictures Corp., 106 F.2d 83, 85 (2d Cir. 1939), and try the issue separately if such a procedure will not prejudice either side. Rossano v. Blue Plate Foods, 314 F.2d 174 (5th Cir.), cert. denied, 375 U.S. 866, 84 S.Ct. 139, 11 L.Ed.2d 93 (1963) (agency in negligence action); Bowie v. Sorrell, 209 F.2d 49, 43 A.L.R.2d 781 (4th Cir. 1953) (release); Bernardo v. Bethlehem Steel Co., 200 F.Supp. 534 (S.D.N.Y. 1961) (whether drydock was a vessel); Huffmaster v. United States, 186 F.Supp. 120 (N.D. Calif. 1960) (whether flood was an Act of God); United States v. Mulligan, 177 F.Supp. 384 (D.Ore. 1959) (validity of mining claim); Michael Rose Prods. v. Loew's Inc., 19 F.R.D. 508 (S.D.N.Y. 1956) (release); Hall Laboratories v. National Aluminate Corp., 95 F.Supp. 323 (D.Del. 1951) (prior art). See Min-

er, Court Congestion, A New Approach, 45 A.B.A.J. 1265 (1959).

The substantial portion of evidence as to whether or not Newark was a purchaser-customer of defendant will be addressed to proving that Newark acted independently of defendant. For example, plaintiff will attempt to show that Newark had the right to engage and discharge its own personnel, select its own merchandise and buy only what it chose, right to fix prices on resale, to accept or reject factory promotions, method of invoicing, maintenance of separate books of account, right to contract for its own special services, negotiate pricing, advertising, allowances and special promotional deals with its own customers, maintenance of separate bank accounts. This proof would support the claim that Newark exercised dominion and control over goods, which seems to be an essential in arriving at a determination that a seller-purchaser relationship exists. Baim & Blank, Inc. v. Philco Corp., 148 F.Supp. 541 (E.D.N.Y. 1957); Students Book Co. v. Washington Law Book Co., 98 U.S.App.D.C. 49, 232 F.2d 49 (1955), cert. denied, 350 U.S. 988, 76 S.Ct. 474, 100 L.Ed. 854 (1956); cf. Western Fruit Growers Sales Co. v. FTC, 322 F.2d 67 (9th Cir. 1963). The proof would not be duplicated in further stages of the trial. It is independent of proof regarding the 79 other distributors.

■ In support of its contention that Newark was a purchaser-customer, plaintiff has also relied on Danko v. Shell Oil Co., 115 F.Supp. 886 (E.D.N.Y. 1953), which held that a wholly-owned subsidiary may be considered independent of its parent for Robinson-Patman purposes, and thus be a "purchaser" and "customer" in its own right. The theory of *Danko* is that for antitrust purposes the definition of purchaser, customer and distributor is a matter of substance and competitive function and not of form. See Timken Roller Bearing Co. v. United States, 341 U.S. 593, 598, 71 S.Ct. 971, 95 L.Ed. 1199 (1951); Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 215, 71 S.Ct. 259, 95 L.Ed.

219 (1951). To bring itself within the *Danko* theory plaintiff will offer proof that Newark competed with plaintiff for the business of dealers in plaintiff's territory. This will be offered as circumstantial evidence that Newark was in effect a purchaser-customer. The mere fact that Newark competed with plaintiff is only slight evidence that Newark was independent. The court will fix the limitation on this offer of proof within what is material.

At this point the issue of whether Newark was independent of defendant would be submitted to the jury. If the jury determines that Newark was such a distributor, then the case will proceed on the remaining three issues referred to above, but solely as to Newark. For example, the jury would have to consider as a substantive element of the Robinson-Patman claims, the issue of competition if it found that Newark was a purchaser-customer.

The situation is analogous to that in Woburn Degreasing Co. of New Jersey v. Spencer Kellogg & Sons, 37 F.Supp. 311 (W.D.N.Y. 1941), where the court in a patent case allowed a separate trial on the issue of validity of a patent, although proof of prior art would be involved in both that issue and another issue in the case. Here there is no duplication of proof of competition, only slight cumulation, if plaintiff is successful in the separate trial.

If plaintiff should lose on the Newark issue, the issues of competition, discrimination and damage as to Newark will be out of the case and there will be neither duplication nor cumulation. While the defendant would have to prepare the Newark phase of the claims in its entirety—customer, competition and damages—it would have to do that in any event if only one trial were held to dispose of all of the claims.

■■ The inherent complexity of an antitrust case is itself a factor promoting a separate trial of an issue in such a case where the result of the separate trial may simplify the litigation. See

Seaboard Terminals Corp. v. Standard Oil Co. of New Jersey, 30 F.Supp. 671 (S.D.N.Y. 1939). Because of the possibility of simplifying fact presentation, reducing costs, saving trial time and finding no prejudice to defendant Admiral, the court grants plaintiff's motion for a separate trial.

Counsel are directed to settle a final pretrial order in conformity with the above opinion on or before January 15th, 1966.