438

BROADWAY DELIVERY CORPORA-
TION et al., Plaintiffs,

v.

UNITED PARCEL SERVICE OF AMER-
ICA, INC., et al., Defendants.

No. 75 Civ. 1280.

United States District Court,
S. D. New York.

April 19, 1977.

Saxe, Bacon & Bolan, P. C., New York City, for plaintiffs; Roy M. Cohn, Roy R. Kulcsar, New York City, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants; George G. Gallantz, New York City, Irving R. Segal, Robert L. Kendall, Jr., Lawrence T. Hoyle, Jr., Philadelphia, Pa., of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action brought under 15 U.S.C. § 15 by thirty-five trucking concerns, individually and not as a class, against the United Parcel Service of America ("UPS of A") and others alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and Section 7 of the Clayton Act, 15 U.S.C. § 18. A jury has been demanded. The plaintiffs now move to bifurcate the liability question from that of damages, Rule 42(b), Fed.R.Civ.P., and to limit discovery accordingly, Rule 26(c)(4), Fed.R. Civ.P.

Plaintiffs allege a conspiracy in restraint of trade, monopolization, and attempts at monopolization; the parties are presently proceeding with discovery and the factual bases for these legal claims have not yet been presented to this Court. The plaintiffs argue that if they do not establish a claim under one of these theories, there will be no need for a trial on the damage question and, therefore, bifurcation is appropriate.

Rule 42(b) invests this Court with broad discretion to order a separate trial of issues if "conducive to expedition and economy[.]" *See United States v. International Business Machines Corporation,* 60 F.R.D. 654 (S.D. N.Y.1973); 9 Wright & Miller, *Federal Practice and Procedure* § 2389. As my brothers have wisely noted "[t]he inherent complexity of an antitrust case is itself a factor promoting a separate trial of an issue . . . ." *Reines Distributors, Inc. v. Admiral Corporation,* 257 F.Supp. 619, 621

(S.D.N.Y.1965) (Metzner, J.); *Reading Industries, Inc. v. Kennecott Copper Corporation,* 61 F.R.D. 662, 665 (S.D.N.Y.1974) (Lasker, J.). But to determine the appropriateness of a bifurcation, it is essential to examine the interrelationship of the issues asserted in each proposed trial.

Section 4 of the Clayton Act, 15 U.S.C. § 15 under which this suit is brought provides a private right of action to "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . ." The law requires that the "fact of damage" be proven as an element of a plaintiff's case. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 114 n. 9, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 562, 51 S.Ct. 248, 75 L.Ed. 544 (1931). While the inquiry into the issue of causation or fact of damage is analytically distinct from the extent or amount of damage, proof addressed to the one issue will be probative of the other. *See Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307 (5th Cir. 1976). Thus, even if bifurcation were granted, each of the thirty-five plaintiffs would have to establish the fact of damage at a liability trial. True discovery may develop that plaintiffs can establish liability under a theory which will permit an inference of damage rather than detailed proof, *see, e. g., Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 700, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962). But I have no present indication that this will be the case.

A denial of a motion to bifurcate, at this stage, will only affect the permissible scope of discovery. Pretrial inquiry into the amount of damage should not be viewed as wholly premature and vexacious. When discovery is completed and the issues and proof solidify, bifurcation can be reconsidered. If bifurcation is then granted and a first trial results in a finding of liability, the parties will be ready to proceed to trial on the damage issue without further delay.

Plaintiff also moves to reargue a prior order adopting the report of Magistrate Bernikow which granted in part a motion to compel answers to interrogatories. Specifically, plaintiffs object to identifying all prior positions as officer and director of any corporation which the present officers and directors of plaintiffs have ever held. Defendants assert that they have already discovered proof that twelve of the thirty-five plaintiffs are affiliated through interlocking ownerships or common officers and directors. Defendants argue that by uncovering these affiliations, they may be able to establish that an apparent loss of business by a plaintiff was actually a conscious decision to shift the business to a different affiliate. The general thrust of defendants' inquiries is proper but I do not believe it is necessary to probe as deeply outside the transportation industry. Activities in non-transportation industries years ago would be too remote. Non-transportation affiliations during the period of time covered by the complaint may show some draining of time and financial resources.

Upon reargument, the order confirming the Magistrate's report is modified to restrict inquiry into non-transportation activities to the period of time for which plaintiffs seek recovery. In all other respect, the prior order stands.

The motion to bifurcate is denied without prejudice.

SO ORDERED.