MASSACHUSETTS BREWERS ASSOCIATION et al.

v.

P. BALLANTINE & SONS CO. et al.

Civ. No. 54-806.

United States District Court,
D. Massachusetts.

April 5, 1955.

Sherburne, Powers & Needham, Arthur C. Sullivan, W. Langdon Powers, Boston, Mass., for plaintiff.

Julius H. Soble, Boston, Mass., for defendants Cody Distributing Co., M. F. Avila, Inc., Elks Spring Beverage Co., Flynn, Inc., Domenic Spinale, dba North Shore Distributing Co., S. S. Pierce Co., Plymouth Bottling Works, Inc., Henry G. Sears Co.

Charles B. Rugg, Warren F. Farr, Donald R. Grant, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant P. Ballantine & Sons Co.

FORD, District Judge.

The complaint in this action states that it is brought to recover damages for alleged violation by defendants of § 2(a) of the Clayton Act, 15. U.S.C.A. § 13(a), and § 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a.[1] Defend-

1. "§ 13. *Discrimination in price, services, or facilities—Price; selection of customers*

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: * * *.

"§ 13a. *Discrimination in rebates, discounts, or advertising service charges;*

*underselling in particular localities; penalties*

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; to sell, or contract to sell, goods in any part of the United States at prices lower than those exacted by said person elsewhere in the United States for the purpose of destroying competition, or eliminating a competitor in such part of the United States; or, to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor.

ants move to dismiss for failure to state a claim on which relief may be granted, and for lack of jurisdiction over the subject matter. An amended complaint was filed subsequent to the filing of the motions to dismiss, which are taken as now directed against the amended complaint.

The allegations of the amended complaint may be summarized as follows: Plaintiffs are Massachusetts corporations, one a non-profit trade association of the brewing industry, the others engaged in business in Massachusetts as manufacturers or wholesale distributors of malt beverages, including beer and ale. Defendant P. Ballantine & Sons Co. is a New Jersey corporation producing beer and ale in New Jersey. The other defendants, one an individual, the others Massachusetts corporations, are engaged in business in Massachusetts as wholesalers (and one also as a jobber) of beer and ale, and all sell the products of defendant Ballantine to retail licensees in Massachusetts in competition with the products of plaintiff manufacturers and distributors.

Ballantine advertises its products extensively in Massachusetts, has an agent to represent it here, and has permits to transport its products into Massachusetts and the sale of these products is licensed in Massachusetts.

During the three-month period from June 1 to September 1, 1954 Ballantine beer was sold to retailers in Massachusetts at prices (set out in detail in the complaint) below those normally charged before and after that period and at prices lower than those charged to Connecticut retailers by the wholly-owned subsidiaries of Ballantine who distribute its products in that state. It is alleged that Ballantine "determines, controls and supervises the sales method, policy and prices of the distributors of its products" including the other defendants. It is alleged that all the de-

fendants caused the alleged reduction of the price of Ballantine beer for the purpose of injuring, preventing, destroying and substantially lessening competition in Massachusetts. Finally, it is alleged that the reduction in price took place during the peak season for the sale of malt beverages, and that the acts of defendants resulted in a loss of sales to the plaintiffs, thereby damaging them in the various amounts set out as to each plaintiff.

A vital question raised by defendants is as to the adequacy of the allegations of the complaint with respect to the interstate commerce aspects of the case. Under both §§ 13(a) and 13a, as here applicable, the acts enumerated are made unlawful only when performed by persons engaged in interstate commerce and in the course of such commerce. The complaint does not clearly state that any of the defendants here were engaged in interstate commerce. The assertion that Ballantine manufactures products which are subsequently sold by wholesalers in another state does not necessarily imply that Ballantine itself is engaged in interstate commerce. Lipson v. Socony Vacuum Corp., 1 Cir., 87 F.2d 265, 267. The fact that the other defendants have sold locally in Massachusetts products made in another state does not mean that these defendants have themselves engaged in interstate commerce. Brosious v. Pepsi-Cola Co., 3 Cir., 155 F.2d 99, 103. It is true, of course, that if goods produced in New Jersey are later found in Massachusetts and Connecticut, some one must at some time have engaged in interstate commerce with respect to them. That, however, is as far as the amended complaint goes. That is not enough. The complaint should allege facts to indicate, as to each defendant, that it was itself engaged in interstate commerce. Otherwise it cannot be held to have violated §§ 13(a) and 13a.

"Any person violating any of the provisions of this section shall, upon conviction thereof, be fined not more than $5,000 or imprisoned not more than one year, or both."

The complaint is also defective in regard to any allegation of an unlawful price discrimination in the course of interstate commerce. Lewis v. Shell Oil Co., 7 Cir., 50 F.Supp. 547, 548. In order to state a cause of action based on unlawful price discrimination under the sections here involved, it must be alleged that there were two sales made by the same person to two different purchasers at different prices, and that at least one of these sales was in interstate commerce. Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, 7. The complaint is clearly based on alleged price discrimination in sales to retailers. Defendant Ballantine is not alleged to have made any sales to retailers. The only statement as to sales by Ballantine is that Ballantine sold to jobbers, wholesalers, and other distributors, and nothing is said as to the prices which Ballantine charged to these customers. There is in this no allegation that Ballantine has itself unlawfully discriminated in price. As to the other defendants, they are alleged to have made the sales on which the action is based. But these sales, so far as appears from the complaint, were all sales in Massachusetts by Massachusetts distributors to Massachusetts retail licensees. There is nothing to show that any of these sales was a sale made in the course of commerce. Further, there is no allegation that any of these defendants sold to any two of its customers at different prices. It is only alleged that the price they charged to Massachusetts retailers was less than the price other distributors in other states charged to their customers.

Plaintiffs rely on their general allegation that Ballantine determines, controls, and supervises the sales methods, policies, and prices of the other defendants. This conclusion, however, is too vague and indefinite to cure the defects of the complaint. It is possible to imagine many ways in which Ballantine might control the prices charged by wholesale dealers in its products—by corporate control of these wholesalers, by contractual arrangements binding them to follow price schedules kept by Ballantine, by suggestion of prices voluntarily followed by the wholesalers, or merely by the fact that the price charged by Ballantine is necessarily reflected in the price charged by the wholesaler. Plaintiffs set forth no facts to indicate the nature of the alleged control. The sections of the statute on which plaintiffs rely say nothing about causing others to discriminate in price. In terms these sections make unlawful only the action of the actual seller who sells to two different customers of his own at different prices. The complaint here makes no such allegation as to any of the defendants. It makes no charge that any defendant is the agent of any other defendant. It makes no charge of any conspiracy or concerted action by the defendants, but merely describes their actions as "concurrent". The picture presented is one of a manufacturer selling its products to distributors, who, in turn, resell to retailers, each selling at the same price to all its customers even though different distributors in different states charge different prices. It might be possible to allege additional facts which would bring the actions of all of them within the purview of §§ 13(a) and 13a. However, these facts should be clearly alleged. A mere general allegation that Ballantine exercises some unspecified form of control over the other defendants is insufficient. It is clear, on the grounds discussed, the plaintiffs have not stated a case upon which relief can be granted under 15 U.S.C.A. §§ 13(a) or 13a.

There is no need to discuss other points raised by any of the defendants in support of the motions to dismiss.

Defendants' motions to dismiss are allowed, and the action is dismissed.