**Clarence G. LaPOINTE, Plaintiff,**

**v.**

**SCHWEIGERT MEAT CO., Inc., a corporation, Red Owl Stores, Inc., a corporation, National Food Stores, Inc., a corporation, Defendants.**

**No. 4–66 Civ. 134.**

United States District Court
D. Minnesota,
Fourth Division.

Oct. 20, 1966.

to state a claim under the Robinson-Pat-man Act, 15 U.S.C.A. § 13(a), upon which relief can be granted and for summary judgment on the grounds that there is no genuine issue as to any material fact.

The facts presently before this Court are as follows: The plaintiff was a route man engaged in the sale of Schweigert meat products to retail grocery stores located in and near the counties of Hennepin and Anoka in the State of Minnesota. The plaintiff claims that during the time he purchased meat products from the defendant Schweigert Meat the two other defendants, Red Owl Stores, Inc. (hereinafter referred to as "Red Owl") and National Food Stores, Inc. (hereinafter referred to as "National"), were able to purchase Schweigert meat products at prices lower than those charged the plaintiff. The complaint also alleged that the defendant Schwiegert Meat forced the plaintiff to sell its products to individual stores owned and operated by the defendants Red Owl and National in Minnesota at prices lower than the prices charged by the plaintiff to other retail stores in competition with said defendants' stores.

This Court is of the opinion that the motion of defendant Schweigert Meat for summary judgment must be granted as there is no genuine issue as to any material fact which a jury would have to decide.

Robert C. Gove, Minneapolis, Minn., for plaintiff.

John A. Murray and Merlyn C. Green, of Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for defendant, Schweigert Meat Co., Inc.

### ORDER

NORDBYE, District Judge.

This proceeding comes before the Court on a motion by the defendant Schweigert Meat Co., Inc. (hereinafter referred to as "Schweigert Meat") to dismiss the plaintiff's complaint for failure

As already indicated, the plaintiff's complaint purports to state a violation of 15 U.S.C.A. § 13(a), commonly referred to as the Robinson-Patman Act. It provides in part as follows:

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale

within the United States * * * and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them * * *."

The key language at least with regard to the present case is "it shall be unlawful for any person engaged in commerce, in the course of such commerce." In other words, the statute is designed specifically to deal with violations which involve interstate commerce and which occur in interstate commerce.

▇ The plaintiff herein has been unable to show this Court that any of the sales which it claims constituted the violations of Section 13(a) occurred "in the course of interstate commerce." The amended complaint of the plaintiff fails to make out any violation since the plaintiff there merely makes the naked allegation that the defendant Schweigert Meat sold to

"defendants Red Owl Store Inc. and National Food Stores Inc. and others in interstate commerce or for use in interstate commerce its products at prices lower than the prices charged plaintiff."

Neither the complaint nor any of the plaintiff's other papers filed in this Court reveal who these "others" are or what the sales to these "others" constituted. Furthermore, the plaintiff has failed to meet the essential allegations of the affidavit of one L. C. Harback, sales manager of the defendant Schweigert Meat, who stated:

"5. That all sales by Schweigert Meat Co., Inc., of its products are made within the State of Minnesota, and that to the knowledge of affiant all or substantially all resale of said Schweigert meat products to consumers occur within the State of Minnesota.

6. That all said meat products sold by Schweigert Meat Co., Inc., have been made and processed within the State of Minnesota.

7. That all sales of Schweigert Meat Co., Inc., products as to which plaintiff was a route man occurred solely within the State of Minnesota.

8. That any and all Schweigert meat products sold to defendants Red Owl Stores, Inc., and National Food Stores, Inc. at all times pertinent to this action were sold and delivered to said companies within the State of Minnesota.

9. That the sales to the aforesaid companies which are alleged in the complaint to have been discriminatory in character did not occur in the course of any sale to any party in a state other than the State of Minnesota, or otherwise in the course of interstate commerce."

These statements in the Harback affidavit demonstrate clearly that the sales which the plaintiff refers to in his complaint as being in intercommerce or in the course of interstate commerce did not exist and in fact the showing made herein requires a finding that all the transactions of both Schweigert Meat and the plaintiff so far as Section 13(a) of the Robinson-Patman Act is concerned occurred in intrastate commerce. The affidavits of Thomas O. Miller and Robert C. Gove do not aid the plaintiff with respect to the specific issues herein.

In Willard Dairy Corp. v. National Dairy Products Corp., 309 F.2d 943 (6 Cir. 1962), the plaintiff sought treble damages from the defendants for violations of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(a), based on alleged discriminatory pricing practices. The defendant National Dairy was engaged in the processing, sale and distribution in interstate commerce of dairy products. The defendant admitted that it had processing plants in states other than Ohio from which it sold its products to customers in Ohio but these persons were outside the

area of competition between the plaintiff and the defendants. The Court of Appeals affirmed the district court decision granting summary judgment to the defendants on the grounds that no violation was established under the Robinson-Patman Act even though the defendants were shown to be engaged in interstate commerce since the actual sales relied upon by the plaintiff to establish the violation were not themselves made in the course of interstate commerce. All dairy products sold by National Dairy which were relied upon by the plaintiff were made at the National Dairy processing plant in Ohio and had been processed there and not in any other outstate plant of the defendant.

The Court in reaching this decision used the following language:

"In the present case there is no question but that the defendant was engaged in commerce, but it is contended that the discriminating sales complained of were not made 'in the course of such commerce' and therefore were not in violation of the Act. The authorities appear to hold that it is not enough under the Clayton Act, as amended by the Robinson-Patman Act, that the defendant be engaged in interstate commerce but it must also be shown that the sale complained of was one occurring in interstate commerce * * *

"The cases recognize a distinction between the commerce which is covered by the Sherman Act and that covered by the Robinson-Patman Act. 'In an action brought under the Robinson-Patman Act it is necessary to allege and prove that the transactions complained of are actually in interstate commerce, while in actions brought under the Sherman Anti-Trust Act it is sufficient if the transactions complained of are shown to have affected interstate commerce.' * * *

"In the present case, the price discrimination relied upon was by reason of sales in the area of competition and sales in and around the City of Marion, Ohio. These sales by the defendant were from defendant's processing plant in Shelby, Ohio and were purely intrastate transactions, not interstate in character, as is necessary to impose liability under the Robinson-Patman Act. The fact that defendant also made interstate shipments from other than its Shelby, Ohio, plant to areas in which the plaintiff did not engage in business is immaterial to the issue in this case." (p. 946).

The same result was reached in the case of Borden Co. v. Federal Trade Commission, 339 F.2d 953 (7 Cir. 1964). There, the Borden Co. was charged with a violation of Section 13(a) of 15 U.S.C.A., the Robinson-Patman Act, in part for selling fluid milk in local markets at different prices. The FTC found the defendant guilty and with regard to the requirement under Section 13(a), it held that the purchases involved in the discrimination had to be in interstate commerce as the defendant admitted that it sold its products in several states. The FTC stated:

"* * * Since it is impossible to divorce The Borden Company and its products, if The Borden Company is in commerce, so must be all its products." (p. 955).

The Court of Appeals reversed the decision of the FTC. In the first place, the Court stated that the Examiner had found that:

"Borden's sales to customers in Portsmouth [the place of business of the plaintiff] were made from Borden's Portsmouth plant and * * * the milk sold was processed by the Portsmouth plant from raw milk produced and purchased in Ohio." (p. 955).

The Court then quoted extensively from a dissenting opinion by one of the commissioners of the FTC, who had argued that the defendant was not liable under the provisions of the Robinson-Patman

Act. In affirming this position, the Court said:

"Section 2(a) of the Clayton Act [15 U.S.C.A. § 13(a)], as amended, states the jurisdictional requirement respecting 'commerce' in three separate ways, and each of these variants of the commerce requirement must be satisfied. First, respondent [the defendant] must be 'engaged in commerce'; second, the unlawful discrimination must occur 'in the course of such commerce'; third, 'either or any of the purchases involved in such discriminations' must be 'in commerce.' * *

" * * * However, unless the third commerce requirement of Section 2(a) is to be given no effect whatever, the Commission's burden of establishing jurisdiction cannot be discharged merely by a showing that respondent is an interstate concern or that it makes interstate sales not involved in the challenged discrimination. * * *

" * * * The language and scheme of Section 2(a) make plain that not all transactions by interstate businesses are subject to the statute, and what legislative history there is on the question supports this view." (p. 955).

The Court in *Borden* also quoted with approval from the *Willard Dairy* case discussed earlier.

In the present case, as the affidavit of L. C. Harback points out, the products of defendant Schweigert Meat for which plaintiff was a route man were produced, distributed and sold in Minnesota. The transactions of the defendant in the *Borden* case are similar to the activities of the defendant here in that they were entirely intrastate and in no way involved interstate commerce or oc-curred "in the course of [interstate] commerce." Under these circumstances, a violation of Section 13(a) is not possible.

Paragraph 10 of the plaintiff's complaint alleged that Schweigert Meat forced LaPointe to discriminate against certain retail stores by selling Schweigert Meat products at lower prices to the defendants Red Owl and National than it charged other retail stores. With regard to this allegation by the plaintiff, the alleged sales of LaPointe were all intrastate and did not occur in interstate commerce. Furthermore, Section 13(a) of 15 U.S.C.A. does not apply to the allegations in Paragraph 10 of the plaintiff's complaint since the statute was not designed to prevent persons from coercing others to discriminate. The Robinson-Patman Act was designed according to the language of the statute itself to deal with the *actions of an actual seller in the course of interstate commerce who sells to two different purchasers at different prices without having any justification for such action.*

Since the plaintiff is unable to demonstrate to this Court in what way the sales which he alleges were discriminatory occurred "in the course of interstate commerce," this Court has no alternative but to grant the motion of defendant Schweigert Meat for summary judgment on the grounds that there is *no genuine issue as to any material fact* in that the plaintiff cannot meet the requirements of Section 13(a) of 15 U.S.C.A. Since the alleged discriminatory sales do not come within the language of the Robinson-Patman Act, the motion of defendant Schweigert Meat for summary judgment must be granted. It is so ordered. An exception is allowed.