**HIRAM WALKER, INCORPORATED, and South Florida Liquor Distributors, Inc., Appellants,**

v.

**A & S TROPICAL, INC., Appellee.**

**No. 26012.**

United States Court of Appeals Fifth Circuit.

Jan. 31, 1969.

Rehearing Denied March 4, 1969.

---

James C. McKay, George V. Allen, Jr., Washington, D. C., Paul D. Barns, Jr., George H. Salley, Antonio Martinez, Jr., Salley, Barnes, Pajon & LaFontisee, Miami, Fla., for appellants.

Milton E. Grusmark, Natalie Baskin, Miami Beach, Fla., W. G. Ward, Ward, Ward, Straessley, Hiss & Kluttz, Miami, Fla., for appellee.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

AINSWORTH, Circuit Judge:

Appellee, a retail liquor store doing business in Broward County, Florida, brought this action against Hiram Walker, Inc., South Florida Liquor Distributors, Inc., and the Florida Beverage Corporation for damages and injunctive relief, alleging that defendants engaged in granting quantity discounts in the sale of liquor products to appellee's retail competitors in violation of Section 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13 (a):[1]

"(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States * *, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: * * *."[2]

Both Hiram Walker and South Florida moved for summary judgment[3] on the ground that the allegedly discriminatory sales had not taken place in interstate commerce, and that, hence, those transactions were not within the scope of the Robinson-Patman Act. In addition, Hiram Walker contended that it should not be held liable as a seller under the Robinson-Patman Act because it had never sold any products directly to appellee. The District Judge denied the motions for summary judgment, but, finding that his order involved "controlling questions of law as to which there is substantial ground for difference of opinion," held "that an immediate appeal from this Order as authorized by 28 U.S.C. § 1292 (b) may materially advance the ultimate termination of this litigation. * * *" On March 23, 1968, a panel of this Court granted appellants' application for leave to appeal from the interlocutory order of the District Court. After full consideration of the undisputed facts and the applicable law, we conclude that the District Court erred in denying the appellants' motions for summary judgment.

Appellant Hiram Walker is a manufacturer of alcoholic beverages,[4] which it sells in interstate commerce to wholesale distributors throughout the United States, including South Florida and Florida Beverage Corporation in Florida. The latter distributors store the liquor in warehouses for varying periods of time, and resell it to retail stores in Florida, including appellee. Hiram Walker does not sell directly to retail stores, and it is undisputed that it does not fix the price or establish the terms and conditions of resale. Rather, Hiram Walker's activities are limited to promotion-

---

1. Ten of the original thirteen defendants were either not served with process, or were dismissed from the suit on various grounds. In addition, the original complaint alleged violation of the Sherman Act, but this count was dismissed without prejudice and is not before the Court on this appeal.

2. The provisos in Section 2(a), relating, inter alia, to the defense of cost justification, are not necessary to our decision in this case.

3. Florida Beverage did not file a motion for summary judgment and thus technically it is an appellee in this appeal.

However, the issues raised by appellant South Florida apply with equal force to Florida Beverage; and in its brief, Florida Beverage expressly adopts the positions taken by Hiram Walker and South Florida.

4. The term "manufacturer" is employed by us as a matter of convenience. We are admonished by the appellant Hiram Walker that it is in actuality "the exclusive sales agent of an affiliated corporation which manufactures the products sold by Hiram Walker." It is conceded, however, that this fact is without legal significance in the present context.

al work by "missionary" men who provide retailers with advertising materials and generally act to supplement a national advertising effort designed to promote Hiram Walker products. These "missionary" men are not salesmen, and do not take orders for liquor.

The basic purpose of Section 2 (a) of the Robinson-Patman Act was to insure that purchasers from a single seller would not be injured by the seller's discriminatory pricing policies. F. T. C. v. Sun Oil Company, 371 U.S. 505, 519, 83 S.Ct. 358, 367, 9 L.Ed.2d 466 (1963).[5] Thus, the complaining party must allege and prove that there were two sales made by the same seller to at least two different purchasers. Federal Trade Commission v. Morton Salt Co., 334 U. S. 37, 45, 68 S.Ct. 822, 827–828, 92 L. Ed. 1196 (1948). See also Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 1949, 176 F.2d 1, 7; Jones v. Metzger Dairies, Inc., supra, citing Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947); Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D. Mass., 1955, 129 F.Supp. 736, 739. The prevailing view is that " 'Purchasers' within the meaning of Section 2(a) does not necessarily mean purchasers buying direct from the seller charged with discrimination." Austin, Price Discrimination and Related Problems under the Robinson-Patman Act, p. 37 (2d rev. ed. 1959). See also Skinner v. United States Steel Corporation, 5 Cir., 1956, 233 F.2d 762; American News Company v. F. T. C., 2 Cir., 1962, 300 F.2d 104, 109, and cases cited therein; Tri-Valley Packing Association v. F. T. C., 9 Cir., 1964, 329 F.2d

694, 709; Purolator Products, Inc. v. F. T. C., 7 Cir., 1965, 352 F.2d 874, 883; Elizabeth Arden, Inc. v. Federal Trade Commission, 2 Cir., 1946, 156 F.2d 132; Rowe, Price Discrimination Under the Robinson-Patman Act § 4.5, pp. 57–59 (1962); Stickells, Legal Control of Business Practice § 119 (1965). As the Seventh Circuit has stated:

"If a seller can control the terms upon which a buyer once removed may purchase the seller's product from the seller's immediate buyer, the buyer once removed is for all practical, economic purposes dealing directly with the seller. *If the seller controls the sale, he is responsible for the discrimination in the sale price, if there is such discrimination. If the seller cannot in some manner control the sale between his immediate buyer and a buyer once removed, then he has no power by his own action to prevent an injury to competition.*" (Emphasis added.)

Purolator Products, Inc. v. F. T. C., 7 Cir., 1965, 352 F.2d 874, 883. See also American News Company v. F. T. C., supra, and cases cited therein; Tri-Valley Packing Association v. F. T. C., supra; Skinner v. United States Steel Corporation, supra; Austin, Price Discrimination and Related Problems under the Robinson-Patman Act, p. 37 (2d rev. ed. 1959). Cf. Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D. Mass., 1955, 129 F.Supp. 736, 739. The thrust of this so-called "indirect purchaser" doctrine is that a manufacturer, by utilizing the subterfuge of a "dummy" wholesaler or distributor, should not be able to evade the price discrimination provisions of the Robinson-Patman Act.

5. See also Hartley & Parker, Inc. v. Florida Beverage Corporation, 5 Cir., 1962, 307 F.2d 916, 921; Jones v. Metzger Dairies, Inc., 5 Cir., 1964, 334 F.2d 919, 924; Purolator Products, Inc. v. F. T. C., 7 Cir., 1965, 352 F.2d 874, 883; American News Company v. F. T. C., 2 Cir., 1962, 300 F.2d 104, 109; Shreveport Macaroni Manufacturing Company v. F. T. C., 5 Cir., 1963, 321 F.2d 404, 408. See generally Austin, Price Discrimination and Related Problems under the Robinson-Patman Act (2d rev. ed. 1959); Austern, Presumption and Percipience about Competitive Effect under Section 2 of the Clayton Act (1964); Kronstein, Miller and Dommer, Major American Antitrust Laws Ch. 6 (1965); Patman, Complete Guide to the Robinson-Patman Act (1963); Seidman, Price Discrimination Cases, in Hoffman and Winard (eds.), 2 Hoffman, Antitrust Law and Techniques, p. 409 (1963).

**8**

American News Company v. F. T. C., supra at 109–110.

■ In the present case, however, the record fails to disclose that Hiram Walker ever sold products directly to the appellee, nor did it do so indirectly by controlling the price or terms of resale. In his deposition submitted on the motion for summary judgment, William G. Benjamin, Sr., president and sole stockholder of plaintiff, admitted that he did not know of a single instance in which Hiram Walker sold directly to any retailer. Furthermore, Binford H. Sykes, General Manager of South Florida, and Elliott Feinberg, President of Florida Beverage, stated in their depositions that prices were set entirely by their own companies and without consultation with Hiram Walker. There was no evidence to the contrary and the facts were undisputed. Under these circumstances, appellant Hiram Walker cannot be held liable as a seller within the meaning of the Robinson-Patman Act. American News Company v. F. T. C., 2 Cir., 1962, 300 F.2d 104, 110; Klein v. Lionel Corporation, 3 Cir., 1956, 237 F.2d 13, 14–16; Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D. Mass., 1955, 129 F.Supp. 736, 739; Purolator Products, Inc. v. F. T. C., 7 Cir., 1965, 352 F.2d 874, 883; Skinner v. United States Steel Corporation, 5 Cir., 1956, 233 F. 2d 762, 764; Rowe, Price Discrimination Under the Robinson-Patman Act § 4.4, p. 56 (1962); Austin, Price Discrimination and Related Problems under the Robinson-Patman Act, p. 37 (2d rev. ed. 1959). Thus, considering the depositions and affidavits as a whole, there is " 'no genuine issue as to any material fact,' " and Hiram Walker " 'is entitled to a judgment as a matter of law.' " Keating v. Jones Development of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011, 1013, citing Fed.R.Civ.P. 56(c). See also First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S. Ct. 1575, 20 L.Ed.2d 569 (1968); National Labor Relations Board v. Smith

Industries, Inc., 5 Cir., 1968, 403 F.2d 889; Sheets v. Burman, 5 Cir., 1963, 322 F.2d 277. See generally 6 Moore, Federal Practice ¶ 56.16 (2d ed. 1965).

■ We next inquire whether the distributors South Florida and Florida Beverage, as the actual sellers, under the circumstances may be liable. However, in order to come within the provisions of the Robinson-Patman Act, the appellee must demonstrate that the discriminatory sales were "in commerce." 15 U. S.C. § 13(a). In this regard,

"The cases recognize a distinction between the commerce which is covered by the Sherman Act and that covered by the Robinson-Patman Act. 'In an action brought under the Robinson-Patman Act it is necessary to allege and prove that the transactions complained of are actually in interstate commerce, while in actions brought under the Sherman Anti-Trust Act it is sufficient if the transactions complained of are shown to have affected interstate commerce.' * * * *Accordingly, cases involving liability under the Sherman Anti-Trust Act where it was sufficient to show that the sales affected interstate commerce are not applicable to our present case.*" (Emphasis added.) [6]

Willard Dairy Corp. v. National Dairy Products Corp., 6 Cir., 1962, 309 F.2d 943, 946. See Burke v. Ford, 389 U.S. 320, 88 S.Ct. 443, 19 L.Ed.2d 554 (1967) (per curiam); Foremost Dairies, Inc. v. F. T. C., 5 Cir., 1965, 348 F.2d 674, 676; Shreveport Macaroni Manufacturing Company v. F. T. C., 5 Cir., 1963, 321 F. 2d 404, 408; Jones v. Metzger Dairies, Inc., 5 Cir., 1964, 334 F.2d 919, 922 n. 3 (dicta); Rowe, Price Discrimination Under the Robinson-Patman Act § 4.9, p. 78 (1962), citing H.R.Rep.No. 2951, 74th Cong., 2d Sess. 6 (1936); Patman, Complete Guide to the Robinson-Patman Act, pp. 46–47 (1963). Thus, the Robinson-Patman Act is applicable only where the

---

6. Thus the District Court's reliance on United States v. South Florida Asphalt Company, 5 Cir., 1964, 329 F.2d 860, was misplaced.

allegedly discriminatory transactions took place in interstate commerce.[7] That is, " * * * at least one of the two transactions which, when compared, generate a discrimination must cross a state line." Rowe, supra at 79.[8]

■ The undisputed facts demonstrate that South Florida and Florida Beverage sold only to retail customers within the State of Florida. Under these circumstances, there is no merit to the contention that those sales, including sales to the appellee, were made in interstate commerce.

"When the supplier himself does not engage in sales transactions across state lines—by deploying his franchised distributors or bona fide independent subsidiaries so that each satisfies only local market demands—Robinson-Patman liability may be minimized. *For any price differentials made by an autonomous local subsidiary or distributor solely as between customers within the state would arise from a sale on the part of the intrastate distributor or subsidiary rather than of the supplier, beyond the commerce criteria of the [Robinson-Patman] Act.*" (Emphasis added.)

Rowe, Price Discrimination Under the Robinson-Patman Act, p. 81 (1962). See also Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D. Mass., 1955, 129 F.Supp. 736, 739. Cf. Shreveport Macaroni Manufacturing Company v. F. T.C., 5 Cir., 1963, 321 F.2d 404, 408–409. Thus, as a matter of law, the sales made by South Florida and Florida Beverage to the appellee and other retailers were not within the scope of the Robinson-Patman Act, and the District Court erred in denying summary judgment. Fed.R.Civ.P. 56(c); Baldwin Hills Bldg. Mat. Co. v. Fibreboard Paper Prod. Corp., C.D.Cal., 1968, 283 F.Supp. 202, 205. See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Keating v. Jones Development of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011, 1013; National Labor Relations Board v. Smith Industries, Inc., 5 Cir., 1968, 403 F.2d 889.

Reversed.

7. The fact that a firm manufactures products which are later sold to distributors in another state is not dispositive on the issue as to whether a subsequent sale to a retailer is in interstate commerce. Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D.Mass., 1955, 129 F.Supp. 736, 738; Food Basket, Inc. v. Albertson's, Inc., 10 Cir., 1967, 383 F.2d 785, 787, and cases cited therein.

8. See also Borden Company v. F. T. C., 7 Cir., 1964, 339 F.2d 953, 955; Cream Crest-Blanding Dairies, Inc. v. National Dairy Products Corp., 6 Cir., 1967, 370 F.2d 332 (per curiam), affirming W.D. Mich., 1965, 243 F.Supp. 331; Jones v. Metzger Dairies, Inc., 5 Cir., 1964, 334 F.2d 919; Abramson v. Colonial Oil Company, 5 Cir., 1968, 390 F.2d 873, 874 (per curiam); Food Basket, Inc. v. Albertson's, Inc., 10 Cir., 1967, 383 F.2d 785, 787; Standard Oil Co. v. Federal Trade Commission, 340 U.S. 231, 236–237, 71 S.Ct. 240, 243, 95 L.Ed. 239 (1951); Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir., 1961, 287 F.2d 265, 267; Baldwin Hills Bldg. Mat. Co. v. Fibreboard Paper Prod. Corp., C.D.Cal., 1968, 283 F.Supp. 202, 203; Industrial Building Materials, Inc. v. Interchemical Corp., C.D.Cal., 1967, 278 F.Supp. 938, 973; LaPointe v. Schweigert Meat Co., D.Minn., 1966, 282 F.Supp. 974, 976; Massachusetts Brew. Ass'n v. P. Ballantine & Sons Co., D. Mass., 1955, 129 F.Supp. 736, 738. See generally Stickells, Legal Control of Business Practices § 117 (1965); Austin, Price Discrimination and Related Problems under the Robinson-Patman Act, pp. 14–18 (2d rev. ed. 1959); Note, Robinson-Patman Treatment of Interstate Firms Injured by Local Competitors, 67 Yale L.J. 1073, 1074–1075 (1958).