Ralph H. LITTLEJOHN, Jr., Plaintiff,

v.

SHELL OIL COMPANY, American Oil Company and Sooner Oil Company, Defendants.

Civ. A. No. CA-3-4195-D.

United States District Court,
N. D. Texas,
Dallas Division.
April 28, 1971.

**46**

Thomas R. Hartnett, III, Dallas, Tex., for plaintiff.

William C. Garrett and Khent H. Rowton, D. L. Case, Dallas, Tex., John S. Kingdon and William Simon, Washington, D. C., James C. Hamill, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

HILL, District Judge.

Came on for consideration the Motion for Summary Judgment on behalf of Shell Oil Company, American Oil Company, and Sooner Oil Company, defendants in the above case. These defendants have moved for summary judgment for lack of jurisdiction.

The plaintiff Littlejohn alleges he operated a gas station on Plano Road in the city of Garland, Dallas County, Texas. Two gas stations, one bearing the name Shell and the other the name American, were located approximately one-half block from Littlejohn's station. In June, 1970, the Shell and American stations began selling gasoline to the general public for 26.9¢ and 25.9¢ a gallon respectively, though gasoline was being sold at other stations bearing the names Shell and American for 28.9¢ a gallon in the same general area at the same time. Littlejohn alleges he was unable to meet these prices and was forced to close his station. He now brings suit under § 2(a) of the Clayton Act, 15 U.S.C. § 13(a), as amended by the Robinson-Patman Act, for damages.

Section 13(a) forbids "any person engaged in commerce, in the course of such commerce * * * to discriminate in price between different purchasers * * * where either or any of the purchases involved in such discrimination are in commerce. * * *" The "in commerce" requirement of § 13(a) has been interpreted by the Fifth Circuit to require alleged discriminatory sales to cross state lines. Hiram Walker, Inc. and South Florida Liquor Distributors, Inc., v. A & S Tropical, Inc., 407 F.2d 4 (5th Cir. 1969); Cliff Food Stores, Inc. v. Kroger, Inc. and Bi-Lo, Inc., 417 F.2d 203 (5th Cir. 1969).

There are three transactions involved in the sale of American's gas. According to affidavits of the secretary of American, the president of Sooner, and the operator of the American station, American sells gas to Sooner under a jobber sales contract. Sooner sells gas to the American station involved in this case, which is operated by Richard P. Muller. Muller sells to the public.

There are two transactions involved in the sale of Shell's gas. Shell sells the gas to the Shell station, operated by Carl Raines, and Raines sells the gas to the general public.

There are thus two types of transactions upon which plaintiff could predicate alleged price discrimination: the wholesale transactions between the oil companies and the retail dealers, and the retail transactions between the dealers and the public. Plaintiff has failed to allege interstate discriminatory sales in either of these types of transactions.

## A. The Wholesale Transactions

■ Plaintiff has failed to allege that any gasoline sold from American or Shell to the Plano Road dealers was transported in interstate commerce. The uncontradicted affidavit of the head of Shell's marketing distribution department states that the gas sold to Raines is refined in Houston, Texas, and that transportation of the gas to Raines is solely within the state of Texas. Thus jurisdiction may not be predicated upon wholesale transactions in this case.

## B. The Retail Transactions

■ Plaintiff has failed to allege that any discriminatory sales from dealer stations to the public were in interstate commerce. In his petition plaintiff complains merely that Shell and American stations sold gas at different prices within an area of Dallas County. Plaintiff alleges that profits derived from interstate operations were used to finance the lower retail prices of the Shell and American stations on Plano Road. Language of this type is found in Moore v. Mead's Fine Bread, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145 (1954), but it is significant to note that the defendant in *Moore* did make discriminatory interstate sales—from its New Mexico bakery to stores in Texas—upon which jurisdiction could be based. Jurisdiction may not be based on the retail sales in this case, for none of these sales crossed state lines.

In point is Walker Oil Co., Inc. and Big S Oil Co. v. Hudson Oil Co. of Missouri, Inc., 414 F.2d 588 (5th Cir. 1969). In that case Murphy Oil Company operated a terminal facility in Mobile, Alabama. The gas in the terminal facility came from outside Alabama. Murphy sold the gas to Hudson Oil Company, and Hudson sold the gas to its retailers at wholesale prices. Part of the gas in this case was transported by Hudson to a Mobile, Alabama, retail station, and part of the gas was transported to a Pensacola, Florida, retail station. The retail dealers in Mobile and Pensacola sold to the public for different prices.

Walker and Big S sued Hudson for price discrimination in the retail sales. The Fifth Circuit granted summary judgment for lack of jurisdiction, holding that the sales from the retailers to the public were purely intrastate and did not satisfy the "in commerce" requirement of the Robinson-Patman Act. Similar holdings are found in Cliff Food Stores, Inc. v. Kroger, Inc. and Bi-Lo, Inc., 417 F.2d 203 (5th Cir. 1969), and Food Basket, Inc. v. Albertson's, Inc., 383 F.2d 785 (10th Cir. 1967). In these cases interstate supermarket chains sold at lower prices in some stores than in others. Jurisdiction did not lie because the sales in question were local retail sales and requisite sales across state lines were not present.

## C. The "Control" Issue

■ A defendant may not be considered a seller for purposes of the Robinson-Patman Act without a showing that the defendant "controlled" the discriminatory sale. Hiram Walker Inc. and South Florida Liquor Distributors, Inc. v. A & S Tropical, Inc., 407 F.2d 4 (5th Cir. 1969). American's affidavits establish that American does not control the price of gas resold by Sooner to Muller, the American station operator, and Sooner does not control the price of gas resold by Muller to the public. The affidavit of Carl Raines, Shell's retailer, states that Shell does not have the right to control his business. These affidavits are not contradicted. Plaintiff has failed to show that defendants controlled the local retail prices of these two stations and he may not seek relief under the Robinson-Patman Act.

## D. Littlejohn's Standing to Sue

■ It is questionable that Littlejohn has standing to sue defendants Shell and American in this case. The main purpose of § 2(a) of the Robinson-Patman Act is to insure that purchasers of a single seller will not be injured by a seller's discriminatory pricing policies.

**48**

FTC v. Sun Oil Co., 371 U.S. 505, 83 S. Ct. 358, 9 L.Ed.2d 466 (1963); Walker Oil Co. and Big S Oil Co. v. Hudson Oil Co. of Missouri, Inc., 414 F.2d 588, 590 (5th Cir. 1969). The natural plaintiffs in this case are automobile drivers who are forced to pay higher prices for gas at some stations than at others. Littlejohn, the complainant, is a competitor of, not a purchaser from, the defendants. Further, assuming Littlejohn may properly bring suit, he has failed to show any damages resulting from the discriminatory pricing of Shell and American.

Plaintiff has failed to allege that any discriminatory sale has crossed state lines or show that defendants controlled any discriminatory sales. It is the opinion of the Court that the "in commerce" requirement of the Robinson-Patman Act has not been met and that jurisdiction under 15 U.S.C. § 13(a) does not lie in this case.

It is therefore ordered that the Motions for Summary Judgment urged by defendants are sustained and the case is dismissed.