**LAIDLAW WASTE SYSTEMS, INC., Plaintiff,**

v.

**CITY OF FORT SMITH, ARKANSAS, Defendant.**

Civ. No. 90–2134.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 8, 1990.

Michael Redd, Fort Smith, Ark., for plaintiff.

Jerry Canfield, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

The plaintiff in this case is a foreign corporation whose principal place of business is in Arkansas (Complaint, para. 1). Both parties take solid waste from Fort Smith customers and transport such waste to a landfill owned by the defendant. Plaintiff alleges that defendant's landfill charges defendant a waste disposal fee far lower than that charged to plaintiff and other private customers, and that defendant's conduct constitutes price discrimination in violation of § 2(a) of the Robinson–Patman Act, 15 U.S.C. § 13(a) (1982), and attempted monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2 (1982).[1] In addition, plaintiff alleges that defendant has violated unspecified provisions of the Arkansas antitrust statute, A.C.A. § 4–75–201 et seq. (1987). On July 6, 1990, defendant filed the instant motion to dismiss, on the grounds that: (1) it is immune from antitrust liability under the "state action exemption" to the antitrust laws; and (2) that its conduct had no effect on interstate commerce.[2] The court will address each of these arguments in turn.

### I.

Although municipalities are not wholly beyond the reach of the antitrust laws, they are immune from antitrust liability if they can "demonstrate that their anticompetitive activities were authorized by the state pursuant to state policy to displace competition with regulation or monopoly public service." *Hallie v. Eau Claire*, 471 U.S. 34, 39, 105 S.Ct. 1713, 1716, 85 L.Ed.2d 24 (1985) (where state law allowed cities to describe area to be served by city sewage systems, city could refuse to provide service to outlying towns). To prove the existence of such a state policy, a municipality need not "point to a specific, detailed legislative authorization," *id.* at 39, 105 S.Ct. at 1716, or prove "active state supervision." *Id.* at 46, 105 S.Ct. at 1720. Instead, the municipality is required to show "a clearly expressed state policy," *id.* at 40, 105 S.Ct. at 1717, sanctioning anticompetitive conduct.

The Arkansas Solid Waste Management Act ("SWMA"), A.C.A. § 8–6–201 et seq., requires municipalities to provide for the disposal of solid waste and allows them to charge fees in order to do so. A.C.A. § 8–6–211(b). The State of Arkansas has also authorized municipalities to operate waste disposal facilities and to collect fees for the operation of such facilities. A.C.A. §§ 14–232–103, 14–232–110.

The Eighth Circuit has held that under the state action doctrine, these statutes authorize municipalities to award exclusive franchises to private waste disposal firms. *See L & H Sanitation, Inc. v. Lake*

---

1. Plaintiff also suggests that defendant has monopolized or conspired to monopolize the Fort Smith waste disposal market (Complaint, paras. 17–19). Plaintiff does not claim that defendant in fact has a monopoly in the relevant market, nor does plaintiff claim that defendant conspired with anyone besides itself. The court will accordingly consider plaintiff's Sherman Act claim to be one for attempted monopolization.

2. Defendant also claims that plaintiff's state law claims should be dismissed due to the absence of diversity between the parties. Plaintiff has admitted in his brief that its state claim is in this court under pendent rather than diversity jurisdiction. The court therefore finds that defendant's argument is without merit.

*City Sanitation, Inc.,* 769 F.2d 517 (8th Cir.1985) (*"L & H"*). In *L & H,* the City of Heber Springs, Arkansas awarded an exclusive waste disposal franchise to the defendant. A competitor then filed suit under the Sherman Act, alleging that the city's award "was a 'sweetheart deal' and the result of a conspiracy between the city and Lake City in restraint of trade and to create a monopoly...." *Id.* at 519. The court held that because Arkansas law grants municipalities authority to regulate solid waste management, *id.* at 522, "the legislative scheme contemplates displacing competition with regulation in the area of solid waste management and waste disposal." *Id.* The court accordingly dismissed plaintiff's antitrust claims.

Defendant interprets *L & H* to mean that where, as here, a state has established a policy favoring regulation, municipalities are immune from all antitrust liability of any sort regarding the regulated industry. Plaintiff argues, on the other hand, that *L & H* does not apply where, as here, a municipality has allegedly opened the waste disposal market to competition but competed unfairly. *Cf. City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 417, 98 S.Ct. 1123, 1139, 55 L.Ed.2d 364 (1978) (plurality opinion) (Brennan, J., concurring) (even a lawful monopolist may not "extend or exploit its monopoly in a manner not contemplated by its authorization.")

■ Although there are no cases directly on point, the court agrees with plaintiff's interpretation of *L & H.* If municipally-owned businesses are allowed to compete unfairly, their competitors will often be worse off than if the city had prohibited competition altogether. The court therefore finds that although the Arkansas legislature intended to allow municipalities to authorize waste disposal monopolies, it did not intend to allow unfair competition by municipalities. *Cf. Wall v. City of Athens, Ga.,* 663 F.Supp. 747, 760–61 (M.D.Ga.1987) (holding that state action doctrine did not immunize "arbitrary" price discrimination by city, but also emphasizing that municipality favored certain customers owned or managed by city officials); *Limeco, Inc. v. Division of Lime of Mississippi,* 546 F.Supp. 868, 870–71 (N.D.Miss.1982) (predatory conduct by state not immunized where relevant market unregulated).

Defendant relies on the cases of *Springs Ambulance Service v. City of Rancho Mirage,* 745 F.2d 1270 (9th Cir.1984) (*"Springs"*) and *Savage v. Waste Management, Inc.,* 623 F.Supp. 1505 (D.S.C.1985). Both cases are simply irrelevant. In *Savage,* as in *L & H,* the municipality granted an exclusive franchise to a business instead of unfairly competing with plaintiffs. *Id.* at 1510. Thus, *Savage* is easily distinguishable from this case. In *Springs,* plaintiff complained, *inter alia,* that three cities combined to engage "in predatory pricing by providing their ambulance service below cost," *Springs,* 745 F.2d at 1272, and the court dismissed this claim in passing while discussing plaintiff's other claims. *Id.* Of course, state legislatures usually contemplate that municipal services will be offered free or at subsidized rates. By contrast, it is not so clear that the Arkansas legislature intended to allow price discrimination between municipal customers. Thus, *Springs* is also distinguishable from this case, and defendant's conduct is not immunized by the state action doctrine.

## II.

Defendant also argues that plaintiff's complaint must fail because plaintiff has not shown how defendant's conduct affected interstate commerce. The interstate commerce requirements of the Robinson–Patman Act differ distinctly from those of the Sherman Act. *Gulf Oil Corp. v. Copp Paving Co.,* 419 U.S. 186, 194–95, 95 S.Ct. 392, 398–99, 42 L.Ed.2d 378 (1974) (Sherman Act governs any activity which "substantially and adversely affects interstate commerce" while Robinson–Patman only applies to "activities within the flow of interstate commerce ..."). Accordingly, the court will address each of plaintiff's claims separately.

## A.

■■■ To prevail under the Robinson–Patman Act, plaintiff must show that defendant's discriminatory sales must have occurred in interstate commerce, rather than merely having affected interstate commerce. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1043 (9th Cir.), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982) (*"Inglis"*). The Supreme Court has held that under this standard, plaintiff must show that at least one of defendant's "allegedly discriminatory sales was made in interstate commerce...." *Gulf Oil Corp.*, 419 U.S. at 195, 95 S.Ct. at 398, and that "at least one of the two transactions which, when compared, generate a [price] discrimination ... cross[es] a state line," *id.* at 200, 95 S.Ct. at 401 *quoting Hiram Walker, Inc. v. A & S Tropical*, 407 F.2d 4, 9 (5th Cir.), *cert. denied*, 396 U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177 (1969). For instance, in *Inglis* the court held that this requirement had been satisfied, because defendant had sold bread at one price in California and at a higher price in Nevada. By contrast, defendant in this case clearly has not sold its landfill services outside Fort Smith, as both parties disposed of their waste and paid defendant in Fort Smith. The court therefore finds that the Robinson–Patman Act is inapplicable to defendant's conduct.[3]

## B.

■■■ The Supreme Court has held that the Sherman Act is somewhat broader in its reach than the Robinson–Patman Act. *Inglis*, 668 F.2d at 1043. Under the Sherman Act, the interstate commerce requirement is satisfied even if the "source or application of the business restraint is entirely local[s]." *Huelsman v. Civic Center Corp.*, 873 F.2d 1171, 1174 (8th Cir.1989), if the restraint has a "substantial" effect on interstate commerce, *Huelsman*, 873 F.2d at 1175, and "stifle[s] or restrain[s]" such commerce. *Id.* at 1174. Plaintiff claims

that defendant's conduct may lessen competition in interstate commerce because plaintiff is incorporated and does business outside Arkansas, but has not shown to what extent interstate commerce has been affected.

In *Huelsman,* the owner of a sports stadium granted a concessionaire a franchise for vending services, and two competing vendors filed suit under the Sherman Act. Plaintiffs alleged that defendant's conduct "substantially affected" interstate commerce because plaintiffs purchased goods from out-of-state distributors and sold goods to out-of-state visitors. *Id.* at 1175. Defendants argued, on the other hand, that "the volume of these purchases and sales was so small that as a matter of practical economics, there was no substantial effect on interstate commerce." *Id.*

The court held that "[w]hile it is unnecessary for the plaintiff to submit evidence quantifying the adverse impact of the defendant's conduct ... the plaintiff must demonstrate that this conduct 'as a matter of practical economics' has a substantial effect on interstate commerce." *Id.* The court went on to dismiss plaintiffs' complaint without prejudice, because plaintiffs' allegation that their out-of-state activities were substantial "amount[ed] to mere conclusions" and plaintiffs "did not come forward with any factual information to support these conclusions." *Id.* at 1176.

■ Thus, *Huelsman* stands for the proposition that to state a claim under the Sherman Act, plaintiff must show that defendant's misconduct, as a matter of practical economics, had a substantial rather than a minimal effect on interstate commerce. In this case, plaintiff has alleged that it does some business outside Arkansas, but has not shown how or to what extent defendant's alleged misconduct affected interstate commerce. Thus, the court will dismiss plaintiff's Sherman Act claim without prejudice, and will also dismiss plaintiff's pendent state law claim

---

3. The court also questions whether the landfill services sold by defendant are "commodities" as required by Robinson–Patman. *See* 15 U.S.C. § 13(a) (prohibiting discrimination "between different purchasers of commodities of like grade and quality ..."). As the parties have not addressed this issue, the court declines to do so in detail.

without prejudice. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) (where federal claims dismissed, pendent state claims should ordinarily be dismissed).

In sum, the court will dismiss plaintiff's Robinson–Patman Act claim with prejudice, and its other claims without prejudice.