**Ronald CLEVELAND, d/b/a Lone Star Videotronics, et al., Plaintiffs,**

v.

**VIACOM, INC., et al., Defendants.**

No. Civ.A. SA–99–CA–783–E.

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 10, 2001.

**536**

James L. Branton, Branton & Hall, P.C., San Antonio, TX, R. Paul Yetter, Yetter & Warden, L.L.P., Houston, TX, Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, TX, Jon D. Robinson, Kehart, Shafter, Webber & Campbell Robinson, Decatur, IL, David E. Warden, Yetter & Warden, L.L.P., Houston, TX, Oliver Samuel Heard, Jr., Heard, Linebarger, Graham, et al., San Antonio, TX, Harry L. Munsinger, Branton & Hall, P.C., San Antonio, TX, Russell J. Weintraub, Austin, TX, Stephen M. Hackerman, Hackerman Peterson Frankel & Manela, P.C., Houston, TX, Jim Moriarty, Moriarty & Leyendecker, P.C., Houston, TX, Charles E. Dorr, Charles E. Dorr, P.C., Houston, TX, P. Kevin Leyendecker, Moriarty, Leyendecker, P.C., Houston, TX, for Plaintiffs.

Richard G. Cedillo, Davis, Cedillo & Mendoza, San Antonio, TX, Robert C. Walters, Vinson & Elkins, Dallas, TX, Kenneth R. Logan, Simpson Thacker & Bartlett, New York City, Dean S. Krystowski, Shearman & Sterling, San Francisco, CA, Stuart J. Baskin, Shearman & Sterling, New York City, Frederick A. Morton, Jr., Gerald E. Hawxhurst, Aaron Singer, Simpson Thacher & Bartlett, New York City, New York City, B. Mills Latham, Soules & Wallace, San Antonio, TX, Luther H. Soules, III, Soules & Wallace, San Antonio, TX, John E. Clark, Goode, Casseb, Jones, et al., San Antonio, TX, Joseph Casseb, Goode Casseb Jones Riklin Choate & Watson, P.C., San Antonio, TX, Henry Thumann, O'Melveney & Meyers, L.L.P., Los Angeles, CA, David R. Garcia, O'Melveny & Myers LLP, Los Angeles, CA, Robert Gilchrist Newman, Fulbright & Jaworski, L.L.P., San Antonio, TX, Barry C. Barnett, Susman Godfrey, L.L.P., Dallas, TX, Glenn D. Pomerantz, David C. Dinielli, Munger Tolles & Olson LLP, Los Angeles, CA, Alan Michael Ferrill, Cox & Smith, Inc., San Antonio, TX, Keith E. Kaiser, Cox & Smith Inc., San Antonio, TX, Leslie Sara Hyman, Cox & Smith, Inc., San Antonio, TX, Carlton A. Varner, Sheppard Mullin Richter & Hamilton LLP, Los Angeles, CA, Richard L. Stone, Squadron, Ellenoff, Plesent & Sheinfeld, LLP, Los Angeles, CA, Mark Riera, Sheppard Mullin Richter & Hampton, L.L.P., Los Angeles, CA, Harry M. Reasoner, Vinson & Elkins, L.L.P., Houston, TX, Stephen P. Allison, Haynes & Boone, San Antonio, TX, Seagal V. Wheatley, Jenkens & Gilchrist, San Antonio, TX, Edward F. Valdespino, Strasburger & Price, LLP, San Antonio, TX, Jeffrey C. Prince, Haynes and Boone, L.L.P., San Antonio, TX, Douglas B. Adler, Carl A. Roth, Skadden Arps Slate Meagher & Flom, LLP, Los Angeles, CA, for Defendants.

## ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

PRADO, District Judge.

█ The plaintiffs in the above numbered and styled cause are independent video store operators. The plaintiffs have sued Blockbuster, Inc., and several major movie studios, alleging violations of federal antitrust laws. The plaintiffs claim that Blockbuster induced the studio defendants to enter into an acquisition arrangement under which Blockbuster is able to purchase videotaped copies of new releases at

a price that is substantially lower than that paid by the independent retailers. In their fifth amended complaint, the plaintiffs alleged that the studio defendants violated the Robinson–Patman Act by charging the plaintiffs discriminatory prices while selling to Blockbuster on more favorable terms.

In response, the movie studio defendants filed a motion for partial summary judgment. Therein, the defendants argued that because the plaintiffs obtain videotapes directly from distributors rather than from the studio defendants, the plaintiffs cannot establish a Robinson–Patman Act (the Act) violation. The defendants maintain that the Act requires "a price differential between contemporaneous acquisitions *directly from the same supplier* by two competitors." In other words, the studio defendants maintain that to establish a Robinson–Patman claim for price discrimination, a plaintiff must show two sales by the same seller and the plaintiff must have been one of the direct purchasers. By separate motion, the defendant, Blockbuster, Inc., joined in that position. Unlike the plaintiffs, Blockbuster purchases videotapes directly from the studio defendants. By their motions, the defendants ask this Court to enter judgment against the plaintiffs on the Robinson–Patman claim.

The plaintiffs responded to the defendants' motions and asserted that they can maintain their Robinson–Patman claim because the studio defendants sold videotapes to Blockbuster on terms more favorable than the studios sold videotapes to the distributors, and because the plaintiffs were injured as a result of the unfavorable sales made to the distributors. The plaintiffs contend that so long as the seller discriminates in price between two purchasers, any person injured as a result of discriminatory pricing may recover under

the Act regardless of whether they purchased directly from the seller. The plaintiffs ask this Court to deny the motions for partial summary judgment.

■ Section 2(a) of the Act prohibits a seller from discriminating in price between two purchasers. To discriminate, the seller must make at least two sales—one to a purchaser and a second to another purchaser on less favorable terms. The same seller must make both the favorable and the unfavorable sale. *Hiram Walker v. A & S Tropical,* 407 F.2d 4, 7 (5th Cir.1969). It is uncontested that this "same seller" requirement is met in this case. Each studio defendant made two sales: one sale to Blockbuster and a less favorable sale to a video wholesaler. By their motions, the defendants seek to impose an additional requirement that is not reflected in section 2(a): that the unfavorable sale must be made directly to the plaintiff.

■ Section 2(a) of the Act provides:

It shall be unlawful for any person ..., either directly or indirectly, to *discriminate in price between different purchasers* of commodities of like grade and quality, ... where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, ·or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them....

15 U.S.C. § 13 (emphasis added). This language requires that a seller "discriminate in price between different purchasers," but it does not require that one of the sales be made to the plaintiff. Although the defendants rely on what they characterize as "sixty-five years of precedent interpreting the Robinson–Patman Act," the decisions the defendants cite simply do not

address the issue presented here: whether, when the same seller requirement is met, one of the sales must be to the plaintiff.[1] Although the statute is not explicit in this regard, an act enacted to prevent discriminatory pricing would not logically permit a defendant to avoid liability by simply explaining that its discriminatory pricing was to a wholesaler or a distributor rather than to a plaintiff. *Cf. F.T.C. v. Fred Meyer*, 390 U.S. 341, 349–52, 88 S.Ct. 904, 19 L.Ed.2d 1222 (1968) (discussing Congress's clearly stated intent to improve the competitive position of small retailers by eliminating abusive forms of discrimination). Instead of providing a loophole whereby a seller can create an opportunity to engage in discriminatory pricing while avoiding liability, the statute's language "either directly or indirectly" seems to anticipate situations such as the one presented by this case. The statute does not spell out exactly who can maintain a claim under the Act, but the courts have nonetheless recognized attempts to avoid liability under the Act, and refused to allow sellers to engage in discriminatory pricing by using dummy wholesalers and distributors. At least one court has rejected the very argument presented here. *See Paceco v. Ishikawajima–Harima Heavy Indus.*, 468 F.Supp. 256 (N.D.Cal.1979) (determining that an indirect purchaser who shows that it has suffered a competitive injury as a result of discriminatory pricing may maintain a claim under the Act). The language of the Act seems clear enough—the statute prohibits discriminatory pricing. Likewise, congressional intent is equally clear—to protect the continued existence

of small retailers and to prohibit all devices, direct or indirect, by which large buyers gain discriminatory preferences over smaller buyers. *See Fred Meyer*, 390 U.S. at 349–52, 88 S.Ct. 904. This Court will not interpret the Act in a manner that runs counter to these goals. The clear language of the Act provides the plaintiffs with a remedy if the same seller has sold to one buyer at one price and to another buyer on less favorable terms with resulting damage to the plaintiffs. The plaintiffs are not required to show that they directly purchased from the defendants. Because the contrary is the basis of the defendants' motions, the Court DENIES the motions for partial summary judgment (docket entries # 254 & 255).

---

1. *See, e.g., Barnosky Oils v. Union Oil Co. of Cal.*, 665 F.2d 74 (6th Cir.1981) (plaintiff was a wholesaler that purchased directly from defendant manufacturer); *Hiram Walker v. A & S Tropical*, 407 F.2d 4 (5th Cir.1969) (defendant-manufacturer did not sell to plaintiff-retailer or any other retailer, and wholesalers set prices for products sold to retailers); *Klein v. Lionel Corp.*, 237 F.2d 13 (3d Cir. 1956) (plaintiff-retailer relied on unfavorable price he purchased defendant-manufacturer's product from wholesaler and the more favorable price other retailers purchased product directly from manufacturer).